Reno *vs.* Pinder.

Where a constable, to whom a summons had been delivered, by a justice of the peace, for service, brought it to the justice, and stated to him that he had personally served it on the defendant, and requested the justice to write his return thereon; and the justice thereupon took the summons and wrote this return upon it, in the presence of the constable : " Returned personally served, November 14, 1855, by B. W., Const., fees 75 cts." no name being signed thereto; *it was held* that this return was not sufficient to give the justice jurisdiction, and that a judgment founded thereon was void, and furnished no justification for the arrest and imprisonment of the defendant, by virtue of an execution issued upon it. Gray, J., dissented.

THIS action was tried at the Otsego circuit in December, 1856, when the plaintiff obtained a verdict against the defendant for $500, damages. The defendant made a bill of exceptions, and the judge who presided on the trial, made an order staying the plaintiff's proceedings on the verdict, and directed that the defendant's motion for a new trial, on his exceptions, be first heard at the general term.

Two causes of action are set out in the complaint. In one of which the plaintiff, after stating that the defendant had twice maliciously, &c. prosecuted the plaintiff by summons before justices of the peace, and abandoned his actions on the return days of the summonses, alleged, in substance, that the defendant, well knowing that he had no reasonable or probable cause of action against the plaintiff for the conversion of a cow, falsely and maliciously caused a summons to be issued against the plaintiff, by a justice of the peace, that required the plaintiff to answer, in a civil action, the complaint of the defendant for merchandise, on book account, labor and services and money, to his damage $100 ; and that the plaintiff did not appear before the justice, in pursuance of the summons, on the return day thereof, because the defendant had a cause of action against him on an account, for which the plaintiff believed the defendant had sued him. That the defendant designedly procured the summons to be issued in the form aforesaid, so that the plaintiff would not appear before the justice on the return day thereof, and to enable the defendant to obtain a

judgment against the plaintiff on which he could imprison him. That on the return day specified in the summons, the defendant appeared before the justice, in the absence of the plaintiff, and complained in writing against the plaintiff for the conversion of a cow of the defendant, although the defendant well knew that the cow was the property of the plaintiff. That the defendant then proved a cause of action against the plaintiff, arising on contract, and not other or different; and that on such proof the defendant obtained a judgment before the justice in his favor, against the plaintiff, for .$30 damages, besides costs. That the defendant afterwards procured an execution to be issued by the justice on such judgment, against the plaintiff's person, on which the defendant caused the plaintiff to be arrested and carried to the county jail of Otsego county, and there imprisoned for a long time, to the great damage of the plaintiff.

The other cause of action, set out in the complaint, was for the defendant's causing the arrest and imprisonment of the plaintiff, in the Otsego county jail, against his will, to his great damage, &c.

The defense set up in the answer, aside from denials of allegations in the complaint, was that the defendant caused the arrest and imprisonment of the plaintiff by virtue of an execution in due form, against his person, issued by a justice of the peace on a valid judgment in favor of the defendant, against the plaintiff, for the conversion by the plaintiff, of certain personal property belonging to the defendant.

The material question that arose on the trial, was as to the validity of the judgment of the justice of the peace, against the plaintiff, in favor of the defendant, and on which the execution was issued, by which the plaintiff was arrested and imprisoned at the instance of the defendant. The constable who took the summons to serve, carried it to the justice, and stated to him that he personally served it on the plaintiff on the 14th day of November, 1855, and requested the justice to write his return on it. The justice then took the summons and wrote this return on it, in the presence of the constable, to wit: "Returned

Reno *v.* Pinder.

personally served, Nov. 14, 1855, by Brayton Worden, Const., fees 75 cts." The constable did not sign the return himself; and there was no return on the summons except the one written by the justice, above set forth. The judge charged the jury that the judgment of the justice of the peace was no justification to the defendant for the plaintiff's arrest and imprisonment. That the justice had no jurisdiction of the person of the defendant in the action before him. That no return of the service of the summons was made by the constable who served the same, and that the return of the service of the summons, made by the justice, was not sufficient to confer jurisdiction. That the written statement made on the back of the summons, by the justice, did not constitute a valid return, as the constable neither made nor signed the same; and that the defendant, Pinder, was therefore liable, in this action, for false imprisonment. The judge also charged, in substance, that the fact that the justice rendered a judgment against the plaintiff, in the action before him, was not of itself a bar to the action for malicious prosecution; because the justice did not acquire jurisdiction of the person of the plaintiff, inasmuch as no valid return was made on the summons in the action before him. The defendant's counsel took exceptions to the charge; and he now asked for a new trial, on a bill of exceptions.

*J. E. Dewey,* for the plaintiff.

*D. C. Bates,* for the defendant.

BALCOM, J. It is provided by statute, that " The constable serving a summons shall return thereupon, in writing, the time and manner in which he executed the same, and sign his name thereto." (2 *R. S.* 228, § 16.) The verbal statement which the constable made to the justice, that he personally served the summons upon the plaintiff, on the 14th day of November, 1855, was no evidence of the service of the summons, on which the justice could act; and the indorsement of such statement upon the summons, by the justice, added nothing to its force.

Reno *v.* Pinder.

The only evidence which the justice had of the service of the summons still existed in the verbal statement of the constable. Nothing was put upon the summons that was *per se* evidence of its service. The signature of the constable to the return on it was wanting. The statute says he shall "sign his name thereto ;" and he could not employ an agent to sign it for him, for the plain reason that it is *his signature* to the return, with which the law presumes the justice to be acquainted, that gives the justice jurisdiction of the person of the defendant, and authorizes him to enter in his docket the manner the service has been made.

The production of the summons, with the indorsement on it which the justice made, upon the trial of this action, was no evidence whatever, that the summons was personally served on the plaintiff. The indorsement of the justice on the summons was but his written declaration in regard to a matter as to which he had no personal knowledge. It was no part of the duty of the justice to make the return, and his official oath did not bind him to make a correct one. The return was not made on the oath of either the constable or justice ; and no legal proof was made before the justice, that the summons had been served on the plaintiff ; and no proof of the service thereof was made on the trial of this action, except the justice testified that the constable told him he had served it. The justice had no right to proceed in the action before him on what the constable told him as to the service of the summons. He could not act on information which he did not derive in a legal way. The proof which the justice should have had, was the signature of the constable to the return on the summons.

The judgment of the justice was void. It did not justify the defendant in causing the arrest and imprisonment of the plaintiff by virtue of the execution which the justice issued on it. The action was therefore undefended ; and the defendant's motion for a new trial must be denied with costs.

MASON, J., concurred.

GRAY, J., dissented; holding that no doubt could be enter-
tained that if the constable himself had written the return in the
precise form the justice did it for him, it would have been a good
return; and he regarded it equally clear that he could author-
ize another to act as his amanuensis.

Motion for a new trial denied, with costs.

