## Jackson *vs.* Sherwood and others.

A person deputed by a justice of the peace to serve a summons, must execute it in the same manner as the statute requires a constable to execute such process.

He must, therefore, serve the summons and make a return in writing, in the same manner as a constable, in order to confer jurisdiction upon the justice.

Where a person deputed to serve a summons appeared before the justice, on the return day, and being sworn, testified that he personally served the summons upon one of the defendants, and on the other by copy ; but no return was indorsed upon the summons, and the only proof of such service was the oath of such person; *Held* that the justice acquired no jurisdiction.

The summons must be returned to the justice, with a written return thereon, by the officer or other person making the service, to confer jurisdiction upon the justice to proceed in the action.

APPEAL from the judgment of a county court, affirming a judgment of a justice of the peace.

*By the Court,* Mason, J. The statute declares that the constable, in serving a summons, shall return thereupon, in writing, the time and manner in which he executed the same, and sign his name thereto. (3 *R. S.* 428, § 14, *5th ed.* 2 *id.* 228, § 16, *1st ed.*) The 271st section of second Revised Statutes, 273, authorizes the justice to empower a proper person, of lawful age, and not a party in interest in the suit, to serve a summons. The 272d section declares that the person so empowered shall thereupon possess all the authority

Jackson v. Sherwood.

of a constable in relation to the execution of such process, and shall be subject to the same obligations, &c. (2 *R. S.* 273, § 272.)

The person so deputed by the justice, to execute the process, must execute it in the same manner as the statute requires the constable to do it. He stands in the place of the constable, in the performance of the service of the summons, and the statute declares that he shall possess in relation to the execution of the process all the authority of the constable, and shall be subject to the same obligations. The statute declares his authority the same, and his obligations the same. I entertain no doubt he must serve a summons, and make a return in writing in the same manner as a constable, to confer jurisdiction upon the justice. It is a valid service and a proper return thereof on the summons, which confers jurisdidiction on the justice to act. (2 *Wait's Law and Practice*, 72. *Ledlie* v. *Vrooman*, 41 *Barb.* 109. 15 *id.* 650. 17 *Wend.* 517. *Reno* v. *Pinder*, 20 *N. Y. Rep.* 298, 302.) The referee in this case, finds the fact that Charles H. Haynes was deputed to serve the summons ; that on the return day the plaintiff appeared, and the defendants did not, and that Haynes was sworn by the justice, and testified that he personally served the summons upon the defendant, Lewis Jackson, and on Stephen Jackson by copy. That it does not appear that any return was indorsed on the summons attached thereto, and that the only proof of the service of said summons was by the oath of the said Haynes. (20 *N. Y. Rep.* 298, 302. 24 *Barb.* 423.)

The docket of the justice does not state that any return at all was made upon the summons ; or that any return in writing was made ; or that the summons itself was returned to the justice ; and I infer from the testimony of the justice that none was made. This will not do. The justice acquired no jurisdiction. This oral proof of Haynes, which was, to be sure, entered in the justice's docket, will not do. The summons must be returned to the justice, with a written

return thereon by the officer or other person making the service, to confer jurisdiction upon him to proceed in the action.

I advise the reversal of the judgment, and the granting of a new trial, costs to abide the event of the action.

New trial granted.

[BROOME GENERAL TERM, January 28, 1868. *Mason, Balcom* and *Boardman,* Justices.]