FRED L. BAKER, Respondent, *v.* EDDIE SMITH, Appellant.

County Court, Greene County, April, 1922.

**Justice's Court — return of service of summons — when usual affidavit of service a sufficient return.**

In Justice's Court the return of the service of the summons is not required to be indorsed thereon in order to give jurisdiction.

Where the signed and sworn to return of a person duly deputized to make service of a summons in Justice's Court shows that he personally served the defendant on the day named by delivering to and leaving with him a true copy of the summons, and that he knew the person so served to be the person named and described as defendant in the summons, to which the return is annexed, the justice has jurisdiction.

An objection that because the return was sworn to it was not a proper return sufficient to confer jurisdiction, is untenable, and the judgment rendered in the action in favor of plaintiff will be affirmed, with costs.

APPEAL by the defendant from a judgment rendered by Henry O'Keefe, a justice of the peace of the town of Greenville, N. Y., in favor of the plaintiff on the 11th day of February, 1922, awarding to the plaintiff the possession of the cow mentioned in the amended complaint in the action and awarding to the plaintiff the sum of forty-five dollars, the value of said cow, to be paid by the defendant if possession of the said cow is not delivered to the plaintiff, with two dollars and twenty cents costs.

*D. H. Daley,* for appellant.

*George L. Rifenburgh,* for respondent.

TALLMADGE, J.   It is claimed by the appellant that the justice who rendered the judgment did not obtain jurisdiction over the person of the defendant.   This is the only error complained of by the appellant.

It appears from the return that the justice deputized in writing indorsed upon the summons one Frank Thorne to serve the summons on the defendant.   The summons was dated the 27th day of January, 1922.   The indorsement deputizing Thorne to serve the summons is dated January 27, 1922.   It appears from the return annexed to the summons that the summons was duly and properly served upon the defendant on the 27th day of January, 1922. The return shows that the summons was personally served on the defendant on the day named by delivering to and leaving with him a true copy and that he knew the person served to be the person named and described therein as defendant.   This return was made by the person deputized to serve the summons and signed by him and annexed to the summons at the time the summons was returned to the justice who issued the same.   The return was not only signed by Frank L. Thorne but it was also sworn to by him.

It is contended by the defendant's attorney that because the return was sworn to it was not a proper return and such a return as would confer jurisdiction upon the justice.

At the outset this would seem to be a very technical objection and unless there is some direct authority to sustain the defendant in his contention I cannot understand why the return does not comply with section 58 of the Justice Court Act, which provides: " A constable who serves a summons, or a summons and complaint, must make and deliver to the justice, at or before the time when the summons is returnable, a written return thereof under his hand stating the time when, and the manner in which such service was made."

It is contended by the defendant's attorney that a sworn return is not a proper return.   In other words, he contends it is not a return.   He refers to Webster's Dictionary and gives the definition of " return " to mean in law as follows:   " The rendering back or delivery of a writ, precept or execution to the proper officer or court.   The certificate of an officer stating what he has done in execution of a writ, precept, etc., endorsed on the document."

He further contends that the return must be indorsed on the document and that it must be a certificate instead of an affidavit. In other words, because an officer, or one deputized by statute, is permitted under the law to make a certificate or statement showing that he has made the service in the manner required by

law is sufficient to give the court jurisdiction, he argues from that fact that, therefore, if that certificate is made and sworn to by the person making it, it invalidates the statement made by him. In other words, that a statement must be made and nothing else will answer for the purpose of giving the court jurisdiction.

The only authority bearing upon the question and which would seem to favor the defendant's contention, is quoted in appellant's brief, as follows: at page 558, section 940, Cowen's Treatise, vol. 2 (6th ed.): " He must make a written return upon the summons, or the justice will not acquire jurisdiction. His affidavit that he has served it is not sufficient." In reading section 940, after the statement that his affidavit that he has served it is not sufficient, it refers to *Jackson* v. *Sherwood,* 50 Barb. 356. This case was decided in 1868, at which time the statute provided that the constable in serving the summons shall return *thereupon* in writing the time and manner in which he executed the same and sign his name thereto.

The statute also provided that the justice had the right to empower a person of lawful age to serve the summons and that the person so empowered should thereupon possess all the power of a constable in relation to the execution of said process and should be subject to the same obligations. No proof of the service of the summons was made in that case until the return day of the summons. The plaintiff appeared on that day but the defendant did not appear and the person deputized to serve the summons was sworn and testified that he personally served the summons on the defendant. No return was indorsed upon the summons as required by the statute and in that case it was held that the proof of service was not good and did not confer jurisdiction upon the justice because the statute was not strictly followed. In other words, the court held that inasmuch as the statute required a written return to be indorsed *upon* the summons in order to confer jurisdiction upon the court and such written return not having been indorsed upon the summons, the court did not obtain jurisdiction. The statute in that case was very strictly construed and resulted in the reversal of the judgment. This case, however, is contrary to several decisions made by the courts as early as that decision which held that evidence may be given in fact of the actual service of the process. *Barnes* v. *Harris,* 4 N. Y. 374, 386; *Brown* v. *Cady,* 19 Wend. 477, 479.

Without attempting to criticise in any manner the decision of *Jackson* v. *Sherwood, supra,* it is sufficient to say that the Justice Court Act does not require a return to be indorsed upon the summons but only requires that the person serving the process must

make a return thereof to the court, in order to give the court jurisdiction, so that at the present time *Jackson* v. *Sherwood, supra,* the decision referred to in Cowen's Treatise, is not controlling.

I cannot understand why a statement made by a person, properly deputized, that he had served the summons in the manner required by law and who signs such return and annexes it to the summons or paper served and swears to it, affects the return. Certainly the oath of the party that he served the paper strengthens the statement which the statute provides he may make, called a return. Whether it is a mere certificate or statement that he served the paper or whether it is a certificate and statement sworn to, in either case it is a return to the court as to the service of the paper. This is the only reasonable construction of the law.

There is nothing in the law prohibiting the officer from swearing to the statement. Neither is there anything showing that the only return that can be made is an unsworn statement. From the fact that an officer or deputized person is permitted to make a return without swearing to the same and that such return will give jurisdiction it in no manner indicates that if he does swear to the statement it is not equally effective.

In 24 American and English Encyclopedia of Law [2d ed.], p. 878, a return is defined as follows: " The ordinary meaning of the noun ' return ' is a formal report of duty discharged." On the same page we find: " When a command has been issued from some superior authority to an officer, the *return* is the official statement by the officer of what he has done in obedience to the command or why he has done nothing. Whatever thing the superior authority may require the officer to do, of the doing of that thing it may require him to make *return*." But there is nothing to show that a return sworn to does not comply with the law.

I am, therefore, of the opinion that the judgment entered by the justice should be affirmed, with costs in favor of the respondent against the appellant.

It is so ordered.

Judgment affirmed.