NEW-YORK,<br>October, 1811.<br>FINK<br>v.<br>HALL.

---

### FINK *against* HALL.

IN error, on *certiorari*, from a justice's court.

*Hall* brought an action against *Fink*, for work, labour and services, done and performed by his son, for *Fink.* The defendant below pleaded the general issue, and offered to set off damages for a breach of a contract, stating, at the same time, that he had once sued *Hall* on this contract, in the *Otsego* common pleas, and that judgment had been rendered in favour of *Hall.* The claim offered was the same as had been there tried. The parties agreed to an adjournment, and a *venire* was issued, at the request of the defendant below. On the day to which the cause was adjourned, the parties appeared, and after the *venire* was returned, and the jury empannelled, the defendant requested a further adjournment, on account of the absence of one of his witnesses, and

In an action before a justice, it is too late for the party to ask for an adjournment of the cause, after the jury are sworn and empannelled.

Where the jury do not retire from the court, to consider of their verdict, it is unnecessary that a constable should be sworn to attend them.

offered to make oath and give security. On being asked by the justice what he wanted to prove by this witness, he said he did not deny that the plaintiff's son had worked for him, but that he intended to insist on the set-off, and then stated what he intended to prove by the witness, but the proof was not set forth in the return; though it was to be inferred it was something in relation to the set-off. The justice decided, that the evidence would be inadmissible, and refused the adjournment. The jury, after hearing several witnesses, gave a verdict for the plaintiff, for 8 dollars and 7 cents, on which the justice gave judgment.

On the return to the *certiorari*, the objections were,

1. That the justice ought to have granted the second adjournment.

2. That it did not appear that a constable was sworn to attend the jury.

*Per Curiam.* The judgment must be affirmed. Without deciding whether the justice ought to have granted the adjournment, (notwithstanding his opinion as to the admissibility of the evidence,) had the application been in season, yet the application was too late, after the jury was empannelled. The trial of the cause must be deemed to have commenced.

It does not appear from the return, that the jury withdrew from the court; and if not, it was not necessary to swear a constable. In the case of *Van Down* v. *Walker*, (2 *Caines*, 373.) it appeared that the jury retired, and the court there say, it should appear that a constable was sworn to attend them.

Judgment affirmed.