Oakley v. Van Horn.

---

## OAKLEY *vs.* VAN HORN.

A justice's judgment will not be *reversed* for the omission of the justice to call the plaintiff before receiving the verdict, if he be in fact *present* when the verdict is received, and does not submit to a nonsuit.

Nor will it be reversed because costs are taxed *over five dollars;* the court will *intend* that there were *foreign witnesses* which increased the costs, or that the party was entitled to *double costs.*

A court of *common pleas* have no power to reverse a justice's judgment on the ground that the verdict was against the weight of evidence.

A collector of a *school district,* who makes a *levy* previous to a *demand* of the tax assessed, is liable to an action of trespass; but a justice's judgment in favor of the collector will not be *reversed* merely because it does not appear from the justice's return that the fact was proved that such demand was made previous to the levy; where the return is *silent* as to the proof or any objection to its omission, the legal intendment is that the proof was given or waived.

ERROR from the Delaware C. P. Van Horn sued Oakley in a justice's court in *trespass,* for levying upon and selling a saddle for a school tax. Oakley justified as collector

Oakley v. Van Horn.

of school district No. 10, [Roxbury,] under a warrant regular on its face. The plaintiff claimed to live in the adjoining district No. 11, the line between which and No. 10 divided his farm. The proof was strong that he resided in No. 11, but there was proof that he resided in No. 10. His residence was within a very few rods of the line. The cause was tried by a jury, who found for the defendant. The common pleas of Delaware, on certiorari, reversed the justice's judgment. The return to that court showed enough to make out the defence affirmatively, provided the plaintiff was a resident of No. 10, except that it did not appear that any evidence was given to show that before the levy the collector *demanded the payment of the tax,* according to 1 R. S. 478, § 48, 2d ed., nor on the other hand did it appear that the abscence of such proof was objected to or in any way noticed upon the trial. On the return of the jury into court before the justice, the plaintiff was *present* but was *not called* by the justice, who rendered judgment for the defendant, with $6 42 costs. Oakley sued out a writ of error.

*L. Monson,* for plaintiff in error.

*A. J. Parker,* for defendant in error.

*By the Court,* COWEN, J. The statute, 2 R. S. 175, § 110, 2d ed. requires that previous to receiving the verdict, " the justice shall call the plaintiff. If he be absent, and no one appear for him, the verdict shall not be received." The statute is merely directory in respect to the ceremony of calling the plaintiff. The object is to ascertain whether he be present; and it is enough that he be *actually present,* and not objecting. *Non constat* that he was desirous to have a nonsuit entered. If otherwise, he might have said so, or have actually withdrawn, as in *Platt* v. *Storer,* 5 Johns. R. 346.

As *to the costs* being over five dollars, there may have been foreign witnesses. 2 R. S. 177, § 127. That we must intend, nothing appearing to the contrary; in which case, by the section cited, more than five dollars may be

given. Beside, the defendant before the justice being sued for an official act, was entitled to once and a half his costs. 2 R. S. 612, § 25, 2d ed. That may and probably did, in this instance carry the amount to $6 45.

The court of C. P., in reversing the justice's judgment, took for one ground that the jury found against evidence. I think they erred in this respect, according to the case of *Stryker* v. *Bergen*, 15 Wendell, 490 ; and if there was no other ground for reversal presented by the return, the justice's judgment must be affirmed, according to *Noyes* v. *Hewitt*, 18 id. 141. The jury had evidence before them tending to show that Van Horn resided in No. 10. I admit the evidence against his residence there, was very strong and decidedly preponderant. But the common pleas do not sit to grant a new trial on the weight of evidence. They act as a court of error, and can only decide the law upon uncontradicted facts appearing in the return, and upon points of law properly raised on those facts. Accordingly, if we are authorized to hold from the return that no demand was made of the tax in question previous to a levy, pursuant to 1 R. S. 478, § 98, 2d ed., and that the point was duly raised in the justice's court, there was error within the rule laid down in *Jackson ex dem. Cook* v. *Shepard*, 7 Cowen, 88. This was another ground of reversal by the C. P. But in the case at bar, the return is merely silent as to the proof of demand. No objection appears to have been made on that account, as was done in *Jackson* v. *Shepard*, nor does it appear affirmatively that the proof was wanting. I think we must intend, therefore, that it was given. Even on a judgment by default, where no evidence was returned, this court intended it was sufficient, the contrary not appearing. *Wilson* v. *Fenner*, 3 Johns. R. 439. The case cited recognizes the doctrine of the common law, which has been often repeated, that the judgment of an inferior court is sustainable if it appear to be regular after jurisdiction obtained, without its showing any evidence in particular. It is enough to say, "after hearing the proofs and allegations of the parties." The certiorari at the common law did not reach the evidence any more than a writ

of error. *Birdsall* v. *Phillips*, 17 Wendell, 464, and the cases there cited. *Rathbun* v. *Sawyer*, 15 id. 451. In order to bring error, the points of law on the evidence are raised by a bill of exceptions which was given by statute; and to attain a like object in respect to the justice's court, an affidavit stating the facts and points of law must be made, to the allegations of which the justice is to return, admitting or denying them. *People, ex rel. Roe,* v. *Suffolk C. P.*, 18 Wendell, 550. Had the objection now raised come before us on a bill of exceptions, it must have been shown affirmatively that the collector failed to justify, by proving a demand before he levied; and beside : that the defect was mentioned as an objection; for it is one which may be supplied, and we would intend that had the objection been raised, it would have been obviated by proof of the fact. Here the parties were present, with every opportunity to raise the point. It has been held in a late case, on a certiorari, that an omission to object will even authorize this court to infer a fact necessary to confer jurisdiction. *Baldwin* v. *Calkins*, 10 Wendell, 167, 174. So far, at least, as the merits are concerned, the court of error are expressly required by the statute to "proceed and give judgment in the cause as the right of the matter may appear," &c. 2 R. S. 185, § 181, 2d ed. Is it right that a party should be received on certiorari to make an objection which he would not hazard in the court below, perhaps for the very fear of its being met? That is not so held in any other court of error and the rules of intendment have always been most strongly applied to sustain the judgment in cases of certiorari to a justice.

The judgment of the C. P. should be reversed, and that of the justice affirmed.

Judgment accordingly.