By the Court, Bronson, J.
There was evidence on both sides. It was plainly a case for the jury, and the judgment should not have been reversed on the ground that the common pleas differed with the jury upon the question of fact. (Noyes v. Hewitt, 18 Wend. 141.)
The justice should not receive the verdict, on a trial by jury, until after the plaintiff has been called and has appeared. (2 R. S. 244, § 110.) But if he should do so, it is very questionable whether the defendant could allege that fact for error. It is not necessary, however, to decide that question. There is nothing here but a mere omission of the justice to state in his return whether the plaintiff was called or present when the verdict was received. When the justice has jurisdiction of the parties and the subject matter, wre will intend that the proceedings were regular until the contrary appears. (See Oakley v. Van Horne, 21 Wend. 305.) The contrary doctrine would lead to mischievous consequences. The probability is, that the plaintiff in this case was both called and present when the verdict was received; and no question upon that subject being made in the affidavit which accompanied the certiorari, the justice said nothing about it in his return. But if this conjecture is not well founded, and the plaintiff was not called, the defendant should have procured an amended return, showing affirmatively that the proceedings were irregular.
The judgment of the common pleas must be reversed, and that of the justice affirmed.
Ordered accordingly.