Low *vs.* Payne.        [247]

A party who relies upon the account books of his adversary to prove items in his own favor, must also take the books as evidence of the charges against him.

The account books of a party are not evidence in his favor to prove charges for *cash lent* to his adversary.

Where the return of a justice to a certiorari does not state that he has returned all the evidence before him, his judgment will not be reversed on the ground that some items of account included in the judgment, do not appear to be sustained by proof.

Low sued Payne before a justice of the peace in assumpsit and recovered judgment for $23,36. The defendant carried the case by certiorari to the common pleas of Essex county, where the judgment was reversed. The supreme court on error brought reversed the judgment of the common pleas and affirmed that of the justice. The defendant then appealed to this court.

*Kellogg & Hale,* for appellant.

*B. Pond,* for respondent.

Taylor, J.   John H. Low, the respondent, being a country trader, sued Payne in assumpsit, to recover the balance of a book account, for goods sold to the defendant from his store, including also two items for cash as follows: " 1840, June 6, paid J. W. Belknap 2,00." " 1841, May 21, paid J. W. Belknap 10,00." The whole account of charges on the plaintiff's book, including these two items, amounted to $124,26 ; against which the same books showed credits in favor of the defendant to the amount of $100,90, leaving a balance apparently due to the plaintiff of $23,36.

To sustain his case, the plaintiff produced his account books, and proved them in the manner required to give them credibility, according to the rule laid down in *Vosburgh* v. *Thayer,* (12 *John.* 461,) and to render them admissible evidence, for the

consideration of the court. In addition to the proof of his [248] books generally, the plaintiff proved the delivery of two items of the account, amounting to $51,65, which were also admitted by the defendant.

The only exception taken by the defendant on the trial, was to the two items for cash, which he insisted were not sufficiently proved; but the justice decided otherwise, and rendered judgment for the whole balance of debits and credits as they appeared on the plaintiff's books, $23,36.

The rule undoubtedly is, that the private entry of the party himself, in his favor, is not available to sustain a charge for cash lent, but only those entries which are made in the regular and usual course of his business. (*Case* v. *Potter,* 8 *John,* 443.)

In the present case however, the books comprise a series of entries made in the usual course of business, in the midst of which, at considerable distances apart, are the two exceptionable items. The defendant made no proof; but would appropriate to himself the benefit of the credits appearing in his favor upon the same books, while he denies the plaintiff the full benefit of all his charges. The court below were right in the position held by them, that if the defendant would make the books evidence in his favor, he can not do so without taking the whole account together. The accounts are received in that case in like manner as the oral admissions of the party, the whole of which or none must be received; the defendant is concluded by it, unless he wholly disprove the items. (1 *Cowen & Hill's Notes,* 227, 89; 15 *John.* 415.)

If the books are admitted as they are, the judgment is correctly given for the balance. But if they are rejected, then the plaintiff would be entitled to all he proved independent of the books, and the judgment should have been entered for $51,65. But the plaintiff does not complain on his part, and for too small a judgment the defendant would have no claim for relief.

On the trial the defendant claimed that the two cash items in the plaintiff's account were not sufficiently proved. The justice in his return has stated the account of the plaintiff as drawn from his books in which these items appear. It is quite

probable that no other testimony was offered to substantiate these charges; but the justice has not so certified; and [249] according to a rule established by a long series of decisions, we are bound to presume that other and sufficient evidence to support the judgment was given, unless the contrary appear affirmatively. (21 *Wend.* 305; 3 *Hill*, 75; 4 *Denio*, 182; 5 *Barb. Sup. Court Rep.* 607.) The judgment below must be affirmed.

Judgment affirmed.