## DOUGLASS *vs.* BLACKMAN.

In suits before justices of the peace the jury must always be put in charge of a constable sworn to attend them; unless they find a verdict on the spot, without leaving their seats. And this, whether the jury retire from the court, or the court leaves them alone in the court room.

A justice of the peace cannot receive a verdict unless the plaintiff is present, or some one appears for him. If it is fairly to be inferred from the justice's return that he received a verdict in the absence of the plaintiff, a judgment entered thereon will be reversed.

THIS action was commenced before a justice of the peace of Clinton county. The plaintiff complained against the defendant for wrongfully taking the plaintiff's horse, to his damage $50. The defendant answered denying the complaint, and setting up a justification. He applied for a venire, which was issued, and a jury summoned. Witnesses were examined on the part of the plaintiff. The justice stated in his return that " the defendant offered no evidence, but submitted the case to the jury after argument by counsel. Defendant and his counsel immediately left the court. Plaintiff's counsel, after argument, submitted the cause to the jury. There being no constable in attendance on the court, and the court unable to obtain one, the jury were left alone to make up their verdict. Jury returned to the court that they had agreed on their verdict, and found for the plaintiff twenty-five dollars damages." For that amount, together with the costs, the justice rendered judgment in favor of the plaintiff. On appeal to the county court of Clinton county, the judgment was reversed; and the plaintiff appealed to this court.

*J. C. Hubbell*, for the plaintiff.

*Thos. Armstrong*, for the defendant.

*By the Court*, WILLARD, P. J. There are two fatal objections to the verdict and judgment in the court before the justice. 1. The jury, after hearing the evidence, were not put in charge of a constable, sworn to attend them, as required by the statute. (2 *R. S.* 244, § 109.) If a jury find a verdict without leaving

Douglass *v.* Blackman.

their seats, it is an idle ceremony to swear a constable. (*Fink* v. *Hull*, 8 *John.* 437.) In this case "the jury were left alone to make up their verdict, and, after agreeing, they returned to the court that they had agreed," &c. Whether the jury retired from the court, or the court left them alone in the court room, is the same thing. The statute requires that they should be kept together in some convenient place, under the charge of a constable, &c. This must always be done, when they do not find a verdict on the spot, without being left alone for deliberation. The statute is imperative, and the county judge was right in reversing the judgment, for this cause. (11 *John.* 532. 2 *Caines,* 373.) 2. The statute requires that when the jury have agreed on their verdict, they shall deliver the same to the justice, publicly, who shall enter it in his docket. Previous to receiving it, the justice shall call the plaintiff. If he be absent, and no one appear for him, the verdict shall not be received. (2 *R. S.* 344, § 110.) The omission to call the plaintiff when he is *actually present,* and does not submit to a nonsuit, is not error. He is presumed, if present and not objecting, to assent to receive the verdict. (*Oakley* v. *Van Horn,* 21 *Wend.* 305.) But in this case, it is fairly to be inferred that he was not present. If the jury were left alone, as the justice returns, both he and plaintiff and all others must have left the room. And it does not appear that he was present when the jury returned to the court their verdict. Nor does it appear *where* they returned it—at the justice's house, or at the tavern—or whether the justice came to the room, in which they were left alone to make up their verdict.

Judgment of county court affirmed.

[FULTON GENERAL TERM, September 6, 1852. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]