## J. A. & J. W. STRONG *v.* ALEXANDER SLICER.

### *Evidence.*

Evidence that after the plaintiff's claim accrued he paid a claim of the defendant against him without any effort or proposition to apply it upon his debt against him, is admissible as tending to disprove the existence of the plaintiff's claim.

Where a long time has elapsed since a claim accrued, evidence is admissible upon the part of the defendant to show that during that time the plaintiff was in such pecuniary condition as to make it especially burdensome for him to go unpaid, and also to prove that during the same time the defendant possessed the means of paying the debt, if called upon.

But it would not be competent for the defendant to prove that he was prompt and punctual in the payment of his debts.

ASSUMPSIT on the common counts. Plea, the general issue. Trial by jury at the May Term, 1861, in Lamoille county, ALDIS, J., presiding.

The account of the plaintiffs for which the suit was brought, consisted of about twenty items, and began in 1850. The plaintiffs were partners in managing and carrying on a farm and its stock, from 1849 to the time this suit was begun. The defendant, a neighbor of the plaintiffs, was not able to read or write,—hence kept no accounts, and was in the habit of frequently settling up and squaring his dealings with his neighbors, and was able to pay, and prompt and punctual in paying his debts.

It was admitted in the case that the plaintiffs and the defendant from 1849 to the time this suit was brought, had dealings with each other from time to time, and throughout the whole period; small dealings and debts arising between them, such as farmers and neighbors are accustomed to have with each other; and that from time to time they settled and evened off such their dealings.

The plaintiffs claimed and their evidence tended to show that the items of their account were for matters which were charged on book, and had never been settled, *paid for*, or evened off in

the dealings and settlements of the parties ; but were still due and unpaid ; that $3.00 or $4.00 had been due since 1851, and over $20 since 1855. The defendant claimed, and his evidence tended to show, that he and the plaintiffs had had dealings and that they were in the habit of getting together and settling all their deal, and that at such times they settled and evened off all their deal so as to be square with each other, and that all the items in the plaintiff's account had been so settled and evened off. The defendant's evidence also tended to show that the plaintiffs were poor and in need of the payment of all that was due to them, and that the defendant was able always to pay his debts and was prompt in the payment of them ; and that the plaintiffs never called on the defendant for payment of such items, or claimed of him that they were due, or that any balance was due to them, until about the time this suit was brought, and not till after he had been paid the amount of his judgment against Jasper Strong for what he (defendant) had had to pay Meigs as hereinafter stated. The defendant offered testimony tending to show that one Meigs, the fall before this suit was brought, sued Jasper W. Strong, one of the plaintiffs, for the service of a stallion to a mare belonging to the plaintiffs, and which was a part of the stock which they kept on their farm ; that Meigs attached personal property and that Jasper Strong got the defendant to receipt it ; that Meigs got judgment against Jasper W. Strong, and then sued the defendant on the receipt ; and that the defendant, as such receiptor, was obliged to pay the amount of the Meigs judgment. The plaintiffs' evidence tended to show that the debt to Meigs was the sole debt of Jasper W. Strong, and not a debt in substance against them as partners. The defendant's evidence tended to show that the debt to Meigs was only in name the debt of Jasper Strong, but was in fact a debt due from the plaintiffs as partners in carrying on their farm and its stock. In this connection the defendant offered to show, that in the fall or winter after he had, as receiptor, been obliged to pay the amount of Meigs' judgment against Jasper W. Strong, (about $10,) and before this suit was brought, and when, as would appear by the plaintiffs' claim in this suit, there was, and had been for about

three years, a balance of over $20.00 due from the defendant to
the plaintiffs, Jasper, one of the plaintiffs, called on the defen-
dant and paid him $3.00 towards the amount he had so paid Dr.
Meigs, and told him (defendant) that he wanted him to take a
piece of cloth for the balance so paid to Meigs ; that the defen-
dant said he had paid out the money and that he must have the
money ; that Jasper replied that it was an honest debt and he
would pay it ; and that he subsequently sued Jasper for it and he
paid the amount ; and that at no time did Jasper make any claim
that the defendant owed the plaintiffs anything, or claim any-
thing for the items of the account now claimed to be due. The
plaintiffs objected to this testimony on the ground that the debt
to Meigs was Jasper's alone, and that the other plaintiff had
nothing whatever to do with it, or with the transactions growing
out of it. The court admitted it upon the ground, and so
instructed the jury, that if the debt to Meigs was really a part-
nership debt due from the plaintiffs and not the private debt of
Jasper, and the plaintiffs so understood it, and the defendant
paid it, and that afterwards when the defendant insisted on
payment of it in money, no claim was made by Jasper that the
defendant owed them anything, or that the balances, (which they
now claim had then been due several years and were more than
sufficient to offset it) should be applied upon it, but admitted it
as an honest debt and should be paid, such conduct and omission
by Jasper was evidence to be weighed by the jury as tending to
show that such balances were not justly due ; but if the jury
were satisfied that the debt to Meigs was merely a private debt
of Jasper and not of the plaintiffs as partners, then such conduct
and omission of Jasper would not be any evidence that the bal-
ances were not justly due.

To the admission of this testimony for the purpose and in the
connection above stated the plaintiffs excepted.

The evidence offered by the defendant as hereinbefore set forth
to show that he was able, and prompt and punctual in payment
of his debts, (in connection with the other evidence,) was
objected to by the plaintiffs but admitted by the court, to which
the plaintiffs excepted.

*T. Gleed,* for the plaintiffs.

*Child & Benton,* for the defendant.

POLAND, CH. J.   The evidence of the defendant in relation to the Meigs debt, and the negotiation between the defendant and one of the plaintiffs, for the settlement of it, was properly admitted.   If the defendant was at that time justly indebted to the plaintiffs, in a greater amount than the defendant had paid them, it was singular that the plaintiffs should promise to pay it, and endeavor to have the defendant take his pay in cloth, and allow him to sue and collect it, without making some effort or proposition to apply it upon their debt against the defendant. The fact that they did not certainly affords some ground to doubt whether the plaintiffs had then such a debt existing against the defendant as they claimed.   The evidence given by the defendant of the pecuniary condition of the plaintiffs and himself during the period that the plaintiffs's debt had existed, was also properly admitted.   Some portion of the plaintiffs' claim had been due for a long period of time, and where a debt has been allowed to run for an unusual and unreasonable length of time, this alone furnishes some ground of suspicion against it, though lapse of time alone, short of the statute of limitations, is not sufficient ground from which to presume payment or extinguishment.   In such cases, however, it is always admissible to prove that the plaintiff has been in such pecuniary condition as to make it especially inconvenient and burdensome for him to go unpaid, and also to prove that the defendant has all along possessed the means of paying if called upon, with or without suit.   Such evidence adds to the improbability that the plaintiff would have so long delayed calling for payment, if he had a just debt, and casts additional doubt upon the validity of the claim.   This species of evidence we believe has always been allowed when the debt sought to be recovered has run for an unusual length of time ; it is rather in aid of the presumption from lapse of time.

The defendant was also allowed to prove, against the objection of the plaintiffs, that he was a man prompt and punctual in the payment of his debts.   This we think was error.   If such

euidence could be admitted to aid a defence of payment, then it must always be equally admissible for a plaintiff, in answer to a defence of payment, to prove that the defendant is a slack, careless or negligent man, not usually a punctual paymaster. If the character of the defendant for promptness and punctuality in paying debts, or the opposite, be admissible, we see no reason why his character for honesty or piety, or the opposite of either, should not be, as affording some aid in determining whether he had, or had not, probably fulfilled his obligation. Such evidence is too remote and fanciful to be received as legal testimony. In civil cases evidence as to the general character of the parties, is not ordinarily admissible, except in cases where the issue itself is one involving character, as actions of slander and the like. For this error the judgment is reversed, and the case remanded for a new trial.