BOARD OF EXCISE OF MARION v. TURK, appellant.

*Justice's court — absence of plaintiff at rendition of verdict.*

At a trial before a justice of the peace, the verdict of the jury, in favor of plaintiff, was received by the justice and entered in the absence of the plaintiff. *Held,* that a judgment for plaintiff was erroneous and that the defendant could take advantage of the error.

APPEAL from the judgment of the county court of Wayne, affirming the judgment of a justice of the peace.

The action was brought against the defendant, James Turk, for a violation of the excise law. The plaintiff at the trial appeared by attorney. The case was tried before a jury who found a verdict in favor of the plaintiff, from which defendant appealed, alleging numerous errors. Those contained in the ninth and tenth grounds of appeal are alone important. They are as follows :

" 9th. The justice erred in receiving the verdict of the jury and entering judgment thereon in the absence of the plaintiff. 10th. In the absence of the plaintiff on the coming in of the jury a judgment of nonsuit should have been entered by the justice."

The justice stated in his amended return that he did not call the name of the plaintiff on the coming in of the jury, and before they delivered their verdict; that plaintiff did not appear and answer, and that plaintiff was not present when the verdict was received by him.

*Charles McLouth,* for appellant.

*S. B. McIntyre,* for respondent.

TALCOTT, J. We do not see how the errors, specified in the ninth and tenth grounds, stated in the notice of appeal from the judgment rendered by the justice, are to be avoided. These are, in substance, that the verdict was received by the justice and entered in the absence of the plaintiff. The statute on the subject is as follows : " When the jurors have agreed on their verdict, they shall deliver the same to the justice publicly, who shall enter it in his docket. Previous to receiving it, the justice shall call the plaintiff. If he be absent, and no one appear for him, the verdict shall not be received." 3 R. S. (5th ed.), 443, § 101. And section 110. further provides that the plaintiff shall be nonsuited " if he shall not appear on the coming in of the jury to hear their verdict."

This provision of the law has several times come under the consideration of the court. The case chiefly relied upon as authority to sustain the judgment, by the counsel for the respondent, is that of *Oakley* v. *Van Horn,* 21 Wend. 305. In that case, the justice did not call the plaintiff, when the jury came in with the verdict ; but it appeared that the plaintiff was present, and the court held that

the provision as to the calling of the plaintiff was merely directory — that it was enough if the plaintiff was actually present.

In the subsequent case of *Shove* v. *Raynor*, 3 Denio, 78, where it appeared that the justice called the plaintiff, and some person answered for him, but it did not appear that the person so answering was authorized, the judgment was held to be erroneous, the court saying: "The return must show the fact that the plaintiff appeared, or it will be irregular." And in the case of *Douglass* v. *Blackman*, 14 Barb. 381, the court again reiterated the doctrine that, unless it appears that the plaintiff was present at the rendition of the verdict, the defendant is entitled to a judgment of nonsuit; but that if it appears that the plaintiff was present, then his presence, without objection, operates as a consent to receive the verdict. So that the settled rule appears to be that the omission of the justice to call the plaintiff, in obedience to the requirement of the statute, is cured, provided it affirmatively appears that the plaintiff was actually present and acquiesced, by his silence, in the reception and entering of the verdict.

In the case of *Baum* v. *Tarpenny*, 3 Hill, 76, Judge BRONSON intimated a doubt whether any body but the plaintiff could take advantage of the error ; but the subsequent case of *Douglass* v. *Blackman, supra,* was reversed for the error, on the appeal of the defendant, and, as a matter of principle, it could scarcely seem just to leave it at the option of the plaintiff to wait the event of the verdict, and then determine whether it shall be binding or not. The amended return of the justice in this case is clear and explicit, to the effect that he did not call the plaintiff before receiving the verdict; that it did not appear and answer after the cause was submitted and before the rendition of the verdict, and that neither one of the commissioners was present when the verdict was rendered by the justice.

Upon this return we think it is too much to ask us to presume that some one else authorized so to do might have appeared for the plaintiff, when the jury came into court with their verdict. The language of the return is to receive a fair and reasonable construction. The statement that the plaintiff was not present and did not appear, by fair intendment, includes any presence or appearance, whether in person or by attorney.

If there had been any pretense that any body was present to appear for the plaintiff on the rendition of the verdict, we think

tne plaintiff should have procured a statement of that fact in the return, after its attention was specifically called to the alleged error by the application for the amended return. In ordinary language used in legal proceedings, a statement that the party does not appear is a statement that he appears neither in person nor by attorney, and we must so interpret it in this case, in the absence of any explanation or any thing to cast any doubt upon the meaning of the return. The objection is necessarily fatal to the judgment.

The judgment of the county court and of the justice is reversed.

*Judgment reversed.*