STATE *v.* JOSEPH GLYNN.

*Evidence.*

On trial on indictment, a witness for the State was asked on cross-examination if she had ever told a certain man or his wife, that she would get the respondent into State prison if she could, and answered in the negative. The wife was thereupon called by respondent and asked what she had heard the witness say about respondent. The court refused to allow the question to be answered, for that the question to the State's witness did not properly lay the foundation for such an inquiry, and for that the question did not state time, place, nor occasion. *Held,* that under the general rule of practice, the witness, to be so impeached, should have notice of time and occasion, and that such inquiries were so far in the discretion of the court that it would in no case be error for the court to require them.

The inquiry of a witness as to whether he is unfriendly to a party against whom he has testified, is so far collateral to the issue that detail will not be permitted, but only the general inquiry whether he is unfriendly or not.

INDICTMENT for poisoning hogs. Plea, not guilty, and trial by jury, May Term, 1877, BARRETT, J., presiding.

On cross-examination of Rose Glynn, a witness introduced on the part of the State, she was asked, referring to the respondent, and answered, as follows :

*Q.* Have you ever told Samuel Stewart or his wife that you would get the old man into State prison, if you could ? *A.* No, sir, I never did.

73

Robert Glynn, a witness called in behalf of the respondent, was asked what, if anything, he had heard Rose Glynn say on the subject of having the respondent shut up. The counsel for the State objected to the question, for that the witness Rose had not been asked as to such sayings ; and the court excluded the testimony ; to which the respondent excepted.

The respondent then called Hannah Stewart, Samuel Stewart's wife, and offered to show by her that the witness Rose told her shortly before the arrest of the respondent, that she would get respondent into State prison if she could. The court intimated that such testimony could not be received. The witness was then asked what she had heard the witness Rose say about the respondent. But the court refused to allow the question to be answered, for that the witness Rose had not been interrogated on that point, and also for that the question did not state time, place, nor occasion ; to which the respondent excepted.

*Gilbert A. Davis,* for the respondent.

The court erred in refusing to allow the question to be put to the witness Hannah Stewart. 2 Phil. Ev. 893, 894 ; *Hallett* v. *Cousens,* 2 Moody & R. 238 ; 1 Greenl. Ev. 545.

The court also erred in refusing to allow the question proposed to the witness Robert Glynn. The testimony was admissible to show the hostility of the witness Rose to the respondent. 1 Greenl. Ev. s. 450 ; *Atwood* v. *Welton,* 7 Conn. 66 ; *Pierce* v. *Gilson,* 9 Vt. 216 ; *Hutchinson* v. *Wheeler,* 35 Vt. 330 ; *Ellsworth* v. *Potter,* 41 Vt. 685.

*Norman Paul,* State's Attorney, for the State.

A witness cannot be contradicted in regard to declarations previously made, until the witness' attention has been called specifically to the time, place, and occasion of the alleged declarations. The respondent's offer was too indefinite. Roscoe Crim. Ev. 138 ; 2 Phil. Ev. 959 ; Stark. Ev. 211 ; Best Ev. 807 ; *Randolph* v. *Woodstock,* 35 Vt. 291 ; *Angus* v. *Smith,* 1 Moody & M. 473 : *Crowley* v. *Page,* 7 C. & P. 789 ; *Andrews* v. *Askey,* 8 C. & P. 7.

When a witness is examined in reference to a matter collateral to the issue, the evidence must be received as given, and cannot be contradicted. 1 Greenl. Ev. 618; Best Ev. 806; *Powers* v. *Leach*, 26 Vt. 270; *State* v. *Thibeau*, 30 Vt. 100; *Coombs* v. *Winchester*, 39 N. H. 1; *Howard* v. *City Fire Insurance Co.* 4 Denio, 502; *Harrington* v. *Inhabitants of Lincoln*, 2 Gray, 133.

If a witness is asked on cross-examination about a matter that his attention was not called to in the direct examination, he becomes the witness of the party examining him, and as to all such matters his testimony is conclusive. *Stevens* v. *Beach*, 12 Vt. 585; *Fairchild* v. *Bascomb*, 35 Vt. 398.

The extent to which parties may pursue collateral matters in the examination of witnesses for the purpose of ascertaining the bias or feelings of the witness towards the parties, rests in the discretion of the court. *Powers* v. *Leach*, 26 Vt. 270; *Ellsworth* v. *Potter*, 41 Vt. 685.

The opinion of the court was delivered by

REDFIELD, J.   Rose Glynn was a witness for the State, and was asked on cross-examination if she ever told Samuel Stewart or his wife, that she would get the respondent into State prison if she could.   And the witness answered in the negative.

Mrs. Stewart was called by respondent, and asked what she had heard Rose Glynn say about respondent.   The court refused to allow the question to be answered, on the ground that the question to Rose Glynn did not properly lay the foundation for such inquiry — and that the question did not state time, place, and occasion.   The respondent's counsel omitted to recall Rose Glynn, but relies on the exception.

The general rule of practice, to insure fairness, requires, if a witness is to be impeached by proof of inconsistent declarations out of court, that such witness should have notice of the time and occasion of such declarations.   And such inquiries are so far in the *discretion* of the court, that it would not be error, in any case, if the court should require a particular statement of the time, place, and occasion when such impeaching declarations were

made.    Some witnesses, to insure fair dealing, would *require* the
protection of the court, while with others it would be needless.

II.    It is claimed that unfriendly declarations of a witness
against a respondent are admissible in chief, as substantive evi-
dence in the defence.    But the witness in this case admitted that
she had unfriendly feelings against the respondent ; and such in-
quiry is so collateral to the issue that a court will never permit
*detail,* but only the general inquiry whether the witness is friendly,
or otherwise.    We find no error.

Judgment that the respondent take nothing by his exceptions.