EDWARD R. STONE *v.* WM. H. TUPPER.

*Evidence. Opinion, Value of Services. Hostility of Witness.* R. L. s. 4086.

1. OPINION—VALUE OF SERVICES. A witness, having a general knowledge of the character, extent, and quality of the plaintiff's work,—in a livery stable,—and being acquainted with the kind of work, was properly allowed to give his opinion or estimate of its value.

2. PARTY MAY BE SHOWN TO BE POOR, WHEN. Evidence is admissible to show that one is poor, whose claim has been long overdue against a responsible party, and without demand, if it appears that the claimant was actually in need of money to use; but not so, if, though poor, his current needs were supplied, and he had no occasion to use more than he received.

3. WITNESS HOSTILE. A party may show that an opposing witness is hostile to him, but cannot go into the details of the hostility.

4. The question was whether S. was at work for T. for wages or only for his board and clothes; *Held,* that it was not error to allow S. to testify that M. offered him a job during the time in question, but told this to T., and that T. replied that he would do as well by him as M., although it did not appear what M. offered to pay.

5. The plaintiff, near the close of his work for the defendant, signed a writing by which he was to receive only his board, etc., from that date; *Held,* that it was not error to exclude testimony offered to show that the plaintiff made no effort to get another job before signing it.

6. PRACTICE—CHARGE—ASSUMPTION. The charge was correct from the plaintiff's standpoint; and the court assumed, as nothing appeared in the exceptions to the contrary, that the case was also properly put to the jury, as the defendant claimed it.

ASSUMPSIT. Trial by jury, December Term, 1885, TAFT, J., presiding. Judgment for the plaintiff.

The plaintiff's evidence tended to show, that he, at defendant's request, went to work for him in his livery stable, in Windsor, and worked the most of the time from April, 1878, to December 12, 1883, without any contract as to wages, but that defendant told him it would be all right; that in August, 1880, he had a chance to go to work for one Morgan, in another livery stable in the same village,

and that he, plaintiff, told this to the defendant, etc.; that he was an efficient laborer about the stable.

The defendant's evidence tended to show that plaintiff was in poor health, and that he hired him, and by the agreement he was to give him only his board, clothes, washing, and mending. The exceptions stated: "The evidence of both parties showed that in December, 1883, the defendant drew up a memorandum in writing, stating that plaintiff was to receive only his board, clothes, and washing, for work for defendant from that date; that said writing was signed by both plaintiff and defendant, and plaintiff worked under its terms from December 12, 1883, to May 12, 1884, when he left defendant's employ."

The memorandum was dated December 12, and was:

"I am to give Ed. Stone his board and clothes and washing for work as long as he works for me."

The witness, Bridge, testified that he had worked in a livery stable in Windsor, one winter; another witness, who testified to the value of plaintiff's work, stated that he had worked in a livery stable for the last few years. The other facts are sufficiently stated in the opinion.

*Wm. E. Johnson* and *Wm. Batchelder,* for the defendant.

It was error to admit the testimony of Bridge. It did not appear that he knew anything about prices paid for livery stable help. This knowledge was a prerequisite to make his evidence admissible. *Wright* v. *Williams,* 47 Vt. 222.

It was error to exclude the testimony as to the plaintiff's property while at work for defendant. *Beckley* v. *Jarvis,* 55 Vt. 348; *Kimball* v. *Locke,* 31 Vt. 683; *Houghton* v. *Clough,* 30 Vt. 312; *Buzzell* v. *Willard,* 44 Vt. 44; *Frost* v. *Frost,* 33 Vt. 639; *Downer* v. *Bowen,* 12 Vt. 452; *Fisher* v. *Plimpton,* 97 Mass. 441; *Woodward* v. *Leavitt,* 107 Mass. 453; *Atwood* v. *Scott,* 99 Mass. 177; 2 Add. Con. 575; 3 Id. 499.

*Davis & Enright*, for the plaintiff.

The evidence as to the value of the plaintiff's labor was admissible. The presumption is that the witnesses were experts. *Melendy* v. *Spaulding*, 54 Vt. 517. The decision of the County Court that they were experts is not reviseable. *Wright* v. *Williams*, 47 Vt. 222. A party cannot go into collateral matters to show the bias or unfriendly feelings of a witness. *Powers* v. *Leach*, 26 Vt. 270; *State* v. *Glynn*, 51 Vt. 577. The evidence was not admissible to show that the plaintiff was poor. The case is clearly distinguishable from *Strong* v. *Slicer*, 35 Vt. 40. See *Armstrong* v. *Noble*, 55 Vt. 433; 1 Greenl. Ev. ss. 51, 448; *Hutchinson* v. *Wheeler*, 33 Vt. 339.

The opinion of the court was delivered by

ROWELL, J. There was no error in admitting plaintiff's testimony that Morgan offered him a job, of which he told defendant, and that defendant told him he would do as well by him as Morgan, although it did not appear that Morgan offered to pay plaintiff wages, nor what his offer was. The testimony was proper in kind, but did not go far enough to avail plaintiff anything.

Considering the character of the paper of December 12, 1883, it was not error to exclude the testimony offered to show that plaintiff made no effort to get another place before signing it. By its presentation to him, plaintiff was given the choice of an opportunity to pay his way by his work for a while, or of leaving the defendant's employment entirely. The paper bound him to no term of service, but left him as free to seek and to accept employment elsewhere after he signed it as he was before, and so the fact of his signing it was entirely indifferent in that regard, and therefore no unfavorable inference could properly have been drawn against him if it had appeared that he made no effort to get another place before he signed it.

Bridge's testimony was properly admitted. Having been

employed in and about livery stables, he was acquainted with that kind of work, and having seen considerable of plaintiff at work in defendant's stable, he had a general knowledge of the character, extent, and quality of his work, and therefore, in testifying to its value, he was giving an opinion or estimate based upon facts observed and testified to by him. Opinions as to the value of services, professional or otherwise, run along the same line as opinions as to the value of property, which are always admissible under proper conditions. So, the opinions of witnesses acquainted with the business and running of a certain railroad were held admissible to show the value *of the use* of the road for a particular period. *Sturgis* v. *Knapp*, 33 Vt. 486.

If defendant really was denied the right of showing that plaintiff's witness, Carlin, was hostile to him, it was error. But the exceptions state that the court below "did not and does not understand" that he was denied that right. We regard this statement as equivalent to an assertion that the right was not denied. The case, on this point, then comes to this, that defendant was not permitted to go into the details of that hostility, which was not error. *State* v. *Glynn*, 51 Vt. 577.

When one claims to have a just demand against a responsible party long overdue, with payment unasked, it is competent to show that during the time in question the claimant was in such stress of pecuniary circumstances that he could ill afford to forego payment of his demand, if he had one, as evidence tending to show that he had none. But in order to give this kind of evidence force it is not enough simply to show that the claimant was poor; it must appear that he needed money to use; for from this arises the inference against him, as he may be poor and yet have no occasion to use money, and such was the case with the plaintiff. He was a single man, with all his current needs and wants supplied, with no occasion to use more money than he received from the defendant from time to time; and

Stone *v.* Tupper.

so no inference could be drawn against him for not asking the defendant for payment, and the rule contended for does not apply.

There was no error in that part of the charge detailed.

The court was there speaking of the case as the plaintiff claimed it, and from that standpoint it is undoubtedly correct. We must assume, as nothing to the contrary appears, that the case was also properly put to the jury as the defendant claimed it. Hence, we have no occasion to inquire whether what the court said about an implied promise was correct, from defendant's standpoint.

Judgment affirmed.