### STATE *v.* GISCOMO BARDELLI.

May Term, 1905.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 25, 1905.

### *Hostile Witnesses—Declarations Showing Hostility—Necessity of Laying Foundation.*

When the hostility of a witness to the party against whom he is called is sought to be shown by oral statements of the witness out of court, it is not error to require a foundation to be laid by inquiring of him on the stand, with particularity of time, place, and occasion.

INFORMATION in six counts for selling and furnishing intoxicating liquor without a license, in violation of .No. 90, Acts 1902, with two counts for "keeping and exposing for sale." Plea, the general issue. Trial by jury at the December Term, 1904, Caledonia County, *Tyler,* J., presiding. Verdict, "guilty of one offence of selling." Judgment thereon. The respondent excepted. The State's evidence did not tend to show more than six offences of selling or furnishing.

The exceptions do not state whether a foundation for the admission of the hostile statements referred to in the opinion was laid or required to be laid. In respect of this exception, the bill of exceptions states only that certain specified persons were witnesses for the State; that the respondent, as part of his defence, offered to show that those witnesses made out of court certain specified statements of hostility to him; that this offer was excluded, to which respondent excepted.

*Taylor & Dutton* for the respondent.

It was error to exclude respondent's offer that the witnesses for the State had made the specified hostile statements out of court. *Pierce* v. *Gilson,* 9 Vt. 222; *Hutchinson* v. *Wheeler,* 35 Vt. 340; *Ellsworth* v. *Potter,* 41 Vt. 689; 1 Greenl. Ev. § 123.

*Frank D. Thompson,* State's Attorney, and *David E. Porter* for the State.

The court properly excluded respondent's offer to show statements of hostility made out of court by State's witnesses. The only effect of such evidence would have been to impeach the witnesses, and no foundation was laid for its admission. *State* v. *Glynn,* 51 Vt. 577; *Stone* v. *Tupper,* 58 Vt. 409.

ROWELL, C. J. While it is always competent to show that a witness is hostile to a party against whom he is called, yet if that hostility is sought to be shown by his oral statements out of court, as it was here, it is not error to require a foundation to be laid by inquiring of the witness on the stand, with particularity of time, place, and occasion, whether he made the statements or not. *State v. Glynn,* 51 Vt. 577. It not appearing that such foundation was laid, no error is shown.

The court sufficiently charged that each offence must be found on the evidence that particularly related to it.

The other questions are like some of those in *State* v. *Barr* and *Pianfetti,* ante. p. 97, and are decided against the respondent.

*Judgment that there is no error, and that the respondent take nothing by his exceptions. Let execution be done.*