Grafton, }
May 7, 1907. }

PAGE v. HAZELTON, *Ex'r.*

Where a claimant against the estate of a person deceased puts in evidence the latter's cash book and contends that certain entries therein prove the existence of a debt due from the decedent, the executor may introduce other entries, although each exceeds $6.67, for the purpose of showing that the items relied upon by the plaintiff were payments on account.

The erroneous admission of evidence does not furnish cause for setting aside a verdict, if its only effect is to rebut an inference which could not properly be drawn if the evidence were excluded.

The fact that a claimant against the estate of a person deceased made no effort to collect the debt during the latter's lifetime, although in need of money, is competent as tending to prove the invalidity of the claim.

APPEAL, from the acceptance by the probate court of the commissioner's report allowing the plaintiff's claim against the estate of Charles G. Smith, the defendant's testator. Trial by jury and verdict for the defendant. Transferred from the September term, 1906, of the superior court by *Chamberlin,* J.

The specification contained items of cash which the plaintiff claimed were for money loaned. The testator's books of account were produced by the executor at the plaintiff's request and were put in evidence by the plaintiff. Some of the items of the specification appeared on the testator's cash book; and the plaintiff claimed that such entries and certain checks introduced in evidence and bearing the testator's indorsement were proof of loans to the testator and of a debt due at his death to the plaintiff. As

bearing upon the probability of the items found in the cash book evidencing an indebtedness to the plaintiff, the defendant was permitted to introduce other items in the cash book, each exceeding $6.67, showing an account of long standing between the plaintiff and the testator; and to this ruling the plaintiff excepted. The plaintiff also excepted to testimony of a bank cashier as to payments made by the testator to the bank upon notes signed by himself and the plaintiff.

As bearing upon the question of the existence of an indebtedness to the plaintiff from the testator at the time of the latter's death and long before, one Danforth was permitted to testify, subject to the plaintiff's exception, that in 1900 and 1901, and at different times, the plaintiff said he was unable to pay his note which the witness had signed as surety. The statements testified to were made during the lifetime of the testator and when he had sufficient property to pay all his debts.

The plaintiff claimed to recover $600, being the consideration for the sale of real estate known as the Peaked Mountain farm, with interest from June 27, 1900, and offered in evidence a deed of the premises from himself and the testator to one Hunt, in which the consideration was stated to be $600. As tending to explain the transaction, the defendant introduced in evidence a bond for a deed of the same premises, given by the testator and the plaintiff to one Andros and assigned to Hunt. It appeared that Hunt made payment to the testator, and that the testator and the plaintiff conveyed for the consideration stated in the bond, which was $600 and interest agreeably to the note of Andros for that sum, payable $50 January 1, 1895, and $100 each year thereafter. The plaintiff excepted to the admission of the bond.

*Moodybell S. Bennett* and *David S. Conant* (of Vermont), for the plaintiff.

*Hosford & Wright*, for the defendant.

PARSONS, C. J. The entries on the testator's cash book were not admissible as items of book charge in favor of his executor, because they were money items each of which exceeded $6.67. *Remick* v. *Rumery*, 69 N. H. 601; *Bailey* v. *Harvey*, 60 N. H. 152; *Rich* v. *Eldridge*, 42 N. H. 153, 158; *Bassett* v. *Spofford*, 11 N. H. 167. If the defendant could have made all the contents of the books evidence by attaching such a condition to the plaintiff's examination of them (*Wentworth* v. *McDuffie*, 48 N. H. 402; *Huckins* v. *Insurance Co.*, 31 N. H. 238), no such condition was imposed. The items offered, therefore, were not admissible as

direct evidence in behalf of the defendant. But they were not so offered or admitted. They were admitted merely as bearing upon the probability of the inference sought to be drawn by the plaintiff from the items which he put in from the same book. It is to be presumed the items of cash claimed in the plaintiff's specification and found on the deceased's cash book represent money delivered by the plaintiff to the defendant's testator, Smith. If from these items it could be inferred the money delivered was a loan, other entries in the same account rebutting that inference and tending to show the transaction was a payment on account were competent. The entries made by Smith and offered by the plaintiff were admissible as the statement of a party. Proof by one party of a statement made by the other entitles the latter to give in evidence any part of the statement which has not been already offered, which tends to qualify, limit, or explain that portion of the statement already in proof. *Wentworth* v. *McDuffie*, 48 N. H. 402; *Whitman* v. *Morey*, 63 N. H. 448; *State* v. *Saidell*, 70 N. H. 174. This principle applies to a statement made by a party in his books of account. 3 Wig. Ev., s. 2116; *Dewey* v. *Hotchkiss*, 30 N. Y. 497, 502; *Low* v. *Payne*, 4 N. Y. 247.

The entries put in by the plaintiff are not described. The precise relation between them and the entries offered by the defendant does not appear. The case, therefore, affords no opportunity for a discussion of the limitations, if any, upon the right of a party to the use of his books of account after they have been adopted as proof by his opponent. It does not appear that the books were used as evidence for any purpose except to rebut the inference sought to be drawn by the plaintiff from the items selected by him; and as the case is drawn, it must be assumed that the items relied on by the defendant legitimately tended to rebut such inference. But as the only use claimed for the books by the defendant was to rebut the inference sought to be drawn by the plaintiff, it is immaterial whether the items relied on by the defendant had such tendency, or whether they were competent for that purpose or not. "The delivery of money without other evidence of the contract between the parties raises no presumption of law that it was intended to be a loan, rather than the payment of a debt, or a gift." *Coburn* v. *Storer*, 67 N. H. 86, 87; *Fall* v. *Haines*, 55 N. H. 118. As the inference sought to be drawn from the admission of the receipt of money, contained in the books of the deceased, could not properly be drawn, it is immaterial whether the evidence admitted solely to rebut that inference was competent or not. Since the only effect the evidence could have had was to defeat an inference which could not have been drawn if the evidence had been excluded, the plaintiff could not have been harmed by its admission.

Subject to exception, the defendant was permitted to prove that at the time when the plaintiff claimed the deceased, then living and solvent, was indebted to him in a large sum, the plaintiff told a witness that he was unable to pay a note on which the plaintiff was principal and the witness surety. "Evidence is any matter of fact, the effect, tendency, or design of which is to produce in the mind a persuasion, affirmative or disaffirmative, of the existence of some other matter of fact." *Cook* v. *New Durham*, 64 N. H. 419, 420; *Cole* v. *Boardman*, 63 N. H. 580, 581; *Cohn* v. *Saidel*, 71 N. H. 558, 568; 1 Wig. Ev. 38. Evidence having any tendency, however slight, to prove a particular fact is competent to be submitted to the jury to show that fact. *Curtis* v. *Car Works*, 73 N. H. 516; *Eaton* v. *Welton*, 32 N. H. 352. The evidence objected to tended to show that the plaintiff was in need of money at a time when, according to his present claim, the deceased, Smith, had in his possession a considerable sum in cash belonging to him. The plaintiff's failure, in this situation, to demand or to attempt to collect his debt of a responsible debtor for a considerable time, and until after the death of his alleged debtor, is a circumstance which has some logical tendency to discredit his present claim. Failure to make claim when occasion therefore exists has some tendency to prove the invalidity or non-existence of the claim. *Stone* v. *Tupper*, 58 Vt. 409, 412; *Strong* v. *Slicer*, 35 Vt. 40, 43. Such failure to act may constitute "an admission by conduct" adverse to the present claim. 1 Wig. Ev., *ss.* 267 (b), 284. As the evidence was relevant, its admission was not error of law, even if it might properly have been excluded as too remote. *Pritchard* v. *Austin*, 69 N. H. 367, 369.

The testimony of the bank cashier to the payment of money by Smith upon an obligation of Smith and Page was competent. Whether the payment was available in defence would depend upon other evidence. The bond for the deed of the land conveyed by deed by Smith and Page was a part of the transaction opened by the plaintiff by the introduction of the deed and his claim to the consideration received by Smith. It was a statement under the hand and seal of the plaintiff. No objection to its competency appears, nor is it perceived in what way its admission could have prejudiced the plaintiff. If payment was made according to the terms of the bond, Smith received the money at an earlier date than the plaintiff has charged him with it. At the most, the bond, if material, was not prejudicial.

*Exceptions overruled.*

YOUNG, J., not having been present at the argument, took no part in the decision: the others concurred.