MARY E. LINCOLN *v.* NANCY HEMENWAY.

Special Term at Brattleboro, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 1, 1908.

*Assumpsit—Evidence—Poverty of Alleged Creditor and Known Financial Ability of Alleged Debtor—Extent of Cross-Examination 'Thereon—Negative Testimony—Discretion of Trial Court.*

In an action of assumpsit where the issue was whether plaintiff, as she claimed, when not indebted to defendant loaned her $800, taking no note, or whether, as defendant claimed, the loan was only $600, evidenced by her note on which was indorsed, with plaintiff's consent, about $200 that plaintiff then owed defendant for services rendered during the three or four preceding years, plaintiff was entitled to show that during the time in which defendant claimed her account accrued, plaintiff, to defendant's knowledge, had ample financial means, and defendant was in pressing need of money.

Defendant, in cross-examination, having denied successively that, during the time in which she claimed her account for services accrued, she was in needy circumstances, or was aided by charity, or that a certain church gave a "pound party" for her benefit, plaintiff's witness was properly allowed to testify that, during the time in question, that church did aid defendant by what was called a "pound party," because a pound of something was contributed by each person present, and that the several contributions were collected and sent to defendant's house; although it appeared that the gifts were delivered in her absence, and it did not appear that she had any knowledge of the "pound party" till after the gifts were so delivered.

Since defendant denied that she was needy during the time in question, the cross-examiner was entitled further to inquire of her concerning matters within her knowledge that might fairly be taken to indicate the contrary, without being bound by her answers; and her denial of such matters made the fact of their

existence relevant, as bearing on her credibility as a witness in respect of her general financial condition, regardless of their exact character as ultimately ascertained.

Plaintiff's witness having testified that during the time in which defendant claimed her account for services accrued, the witness lived opposite defendant, often visited her, was acquainted with her condition and knew she was poor, it was not error to allow the witness further to testify that on one occasion during that time defendant told her "that it was very hard for them to get along."

It being important, as bearing on the validity of defendant's account, to determine whether plaintiff's injury, due to a fall from a bicycle, occurred in April, as defendant testified, or in August or later, as plaintiff testified, it was not error to allow plaintiff's witness to testify that she lived near plaintiff's house, had known her very well for years, and that she did not hear of the injury till the latter part of August.

The testimony of a witness that he did not hear, or did not know, of an event the occurrence of which is disputed, is admissible only when the circumstances are such that he probably would have heard or known of it soon after it occurred; and the requisite degree of that probability is in the discretion of the trial court.

GENERAL ASSUMPSIT. Pleas, the general issue and offset. Trial by jury at the April Term, 1907, Windham County, *Taylor*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion sufficiently states the case.

*Waterman & Gibson*, and *J. K. Batchelder* for the defendant.

To find from the "pound party" transaction that defendant was then in need, it must first be presumed that the contributors had knowledge of defendant's condition, and then it must be presumed that such condition was that of financial distress. A presumption cannot be based on a presumption. *Hammond's Admr.* v. *Smith*, 17 Vt. 231; *U. S.* v. *Ross*, 92 U. S. 283; *Richmond* v. *Aiken et al.*, 25 Vt. 324; *Doolittle et al.* v. *Holton*, 26 Vt. 588; *McLear* v. *McMurray*, 58 Pa. St. 126; *Pass. Co.* v. *Henrice*, 39 Am. Rep. 699; 22 Eng. & Am. Enc. of Law, 1236.

It was error to admit the testimony of Mrs. Wood that defendant told her "that it was very hard for them to get along." There is nothing to show to what this referred. It might have referred to sickness, incompatibility of temper or bad neighbors. *Noyes* v. *Fitzgerald*, 55 Vt. 49; *Aiken* v. *Kennison*, 58 Vt. 665; *Harris* v. *Howard's Est.*, 56 Vt. 695; *Phelps* v. *Conant*, 30 Vt. 277; *Walworth* v. *Barron*, 54 Vt. 677.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

In the circumstances of this case, evidence that defendant was poor and in need of money was admissible. *Stone* v. *Tupper*, 58 Vt. 409; *Beckley* v. *Jarvis*, 55 Vt. 348; *Kimball* v. *Locke*, 31 Vt. 683; Wigmore on Ev. §§89, 224; *Strong* v. *Slicer*, 35 Vt. 40.

The testimony of Mrs. Whittier that she did not hear of plaintiff's injury till the last of August was properly admitted. *Weeks* v. *Lyndon*, 54 Vt. 640; *Hill* v. *North*, 34 Vt. 604; Wigmore on Ev. §§416, 730, 1791.

MUNSON, J. The plaintiff claimed that she loaned the defendant eight hundred dollars in October, 1899, for which no note was taken, and that she was owing the defendant nothing at that time. The defendant claimed that the sum loaned was six hundred dollars, and that she gave a note for that amount; but that the plaintiff was then owing her nearly two hundred dollars for services rendered during the three or four preceding years, and that two indorsements representing this indebtedness were made on the note, with the plaintiff's consent, at the time it was given. The defendant produced what purported to be a copy of such note and indorsements, and two books containing charges aggregating the amount indorsed.

As tending to discredit the defendant's claim, the plaintiff was entitled to show, by proper evidence, that she had ample means of payment to the defendant's knowledge, and that the defendant was in pressing need of money, during the time in which the account was claimed to have accrued. *Strong* v. *Slicer*, 35 Vt. 40; *Stone* v. *Tupper*, 58 Vt. 409; *McDowell* v. *McDowell's Est.*, 75 Vt. 401.

In connection with evidence of the plaintiff tending to establish these facts, and for the purpose of proving the defendant's poverty, the defendant was asked in cross-examination, with reference to the period in question, if she was not in needy circumstances, if she was not aided by charity, and if the Methodist church did not have a "pound party" for her benefit; which questions, put separately and successively, were answered in the negative.

The plaintiff then introduced a witness who testified under exception that the Methodist church once aided the defendant financially by what was called a "pound party,"—in which a pound of something was contributed by each member participating, and the several contributions were collected and sent to her house. It appeared that the gifts were delivered in her absence, and it did not appear that she had any knowledge of the "pound party" until after they were delivered.

It is urged by way of objection to this evidence that such donations are frequently extended to and accepted by persons who are not in actual need, and that the persons who contributed on this occasion may have done so for other reasons than the defendant's poverty, or from a mistaken understanding regarding her condition. We think these suggestions fail to meet the question actually presented.

The witness was the party, and the matters inquired about were within her personal knowledge. She was subject to cross-examination regarding her financial condition, and the questions asked all related to that condition. The examiner was entitled to pursue a line of inquiry calculated to secure an admission of her need. If she denied that she was needy, he could inquire of her concerning matters that might fairly be taken to indicate the contrary without being bound by unfavorable answers. Her denial of such a matter would make the fact of its existence relevant, regardless of its exact character as ultimately ascertained. The question here is not whether the testimony of the contradicting witness covered all the elements necessary to make the transaction admissible as independent evidence. The defendant had denied that there was any such occurrence. The contradiction of that statement bore upon the question of her credibility in a matter directly involved in the general inquiry. If her denial of the particular occurrence was false, that afforded

sufficient ground for an inference that she had testified falsely as to her general condition.

Mrs. Wood, a witness for the plaintiff, testified that she lived opposite the defendant and often visited her, that she was acquainted with her circumstances and knew she was poor, and that on one occasion she had a conversation with defendant in which defendant told her "that it was very hard for them to get along." It is urged that this expression might have referred to various difficulties other than poverty, and was too indefinite to be admitted. The evidence which led up to the statement complained of indicates a conversation regarding straightened circumstances; the expression testified to is one often used with reference to an embarrassment of that nature; and the possibility of its having meant something else affords no ground for an adjudication of error.

The plaintiff was once injured by falling from a bicycle. Defendant claimed this was in April. Plaintiff claimed it was in August or later. The question was important for its bearing on the validity of defendant's account. The plaintiff, in corroboration of her own testimony on this point, introduced Mrs. Whittier, who testified that she lived near plaintiff's home and had known her very well for years, and that she did not hear of her injury until the latter part of August. Evidence of this character is admissible when the circumstances are such that the witness would probably have heard of the event soon after it occurred. It is not admissible unless there is this probability. The degree of the probability must necessarily be left largely to the discretion of the trial court. While the showing of circumstances indicating the probability in this instance is slight, we cannot say that the admission of the evidence was legal error.

*Judgment affirmed.*