(21 Misc. Rep. 72.)

GOLDSTEIN v. LOEB et al.

(Supreme Court, Appellate Term. July 27, 1897.)

ABATEMENT OF ACTION.
    When, upon the return day of a summons issued from a district court
    in the city of New York, the plaintiff fails to appear or pay the trial fee,
    and the defendant makes no motion for a dismissal, the action abates or is
    in effect discontinued, and its pendency cannot thereafter be pleaded in bar
    of a new action for the same cause between the same parties.

Appeal from Second district court.

Action by Max Goldstein against Leo Loeb and others. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. H. Sarasohn, for appellant.

Wertheimer & Duffy, for respondents.

McADAM, J. The action was for wages and money lent, and the defense relied upon the pendency of a prior action for the same cause. To sustain their plea, the defendants offered in evidence a summons issued from the Fifth district court, November 27, 1896, returnable December 8, 1896, in an action by the plaintiff against the defendants herein. Indorsed on the summons is an affidavit proving its service on one of the defendants, and upon the face of the process appear these words: "Plaintiff appeared A. H. Sarasohn. Complaint, wages and money laid out and expended." It appears that on the return day of said summons the plaintiff failed to appear, the process server not having notified Mr. Sarasohn that service had been effected. The defendants appeared by attorney on the return day, but, the trial fee not having been paid, the cause was not on the calendar, and was not called; whereupon the defendants' attorney departed from the court house, and the action was allowed to abate,—that is, to cease, terminate, or come to an end prematurely. Bouv. Law Dict. The defendants might, if they had so desired, have presented the copy of the summons to the justice, and had the action called and dismissed, with costs. Risk v. Uffelman, 7 Misc. Rep. 133, 27 N. Y. Supp. 392. They did not choose to adopt that course, but the action terminated as effectually as if they had done so. Section 1366 of the consolidation act provides that, "if the plaintiff fail to appear at the return of the summons and make his complaint, the action must be dismissed." There is no power to continue it by adjournment or otherwise. Cow. Treat. (Kingsley's Ed.) § 1227. As the defendants did not elect to have the action dismissed, the plaintiff's neglect to keep the case properly before the court amounted to a discontinuance thereof. See 5 Am. & Eng. Enc. Law, 674; also, Gold v. Bissell, 1 Wend. 213. This is the rule applicable to inferior jurisdictions. In contemplation of law, therefore, the action the pendency of which is pleaded in bar effectually terminated, and was unavailing as a defense in abatement of the present suit, which was commenced by new process issued December 24, 1896, over two weeks thereafter. The justice decided, however, that the former action was then pending, and was for

that reason a bar to this one, and rendered judgment dismissing the plaintiff's complaint, with costs. This was error, for which the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.