(28 Misc. Rep. 533.)

### ABRAMS et al. v. FINE et al.

(Supreme Court, Appellate Term. July 26, 1899.)

1. MUNICIPAL COURT—DISMISSAL—DEFAULT JUDGMENT.
    Where a municipal court dismisses a case in which defendant has been served, but has not appeared, on failure of defendant to appear at the call of the calendar it has no power subsequently, without notice to defendant, to restore the case to the calendar, and set it down for trial, and render a judgment by default against defendant.

2. APPEARANCE—EFFECT.
    Appearance of defendant after the default judgment on motion to set it aside was not such an appearance as gave the court jurisdiction.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Michael Abrams and another against Israel Fine and Nathan Price. Judgment for plaintiffs on an inquest, and defendant Fine appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Chas. H. Friedrich, for appellant.
Emanuel Hertz, for respondents.

FREEDMAN, P. J. This is an appeal taken by the defendant Israel Fine from a judgment rendered against him by default on his failure to appear, and from an order denying a motion made to open such default. The complaint in this action was oral, and was for the conversion of personal property. The return of the court below shows that the summons was returnable on the 9th day of March, 1899, at which time the plaintiffs appeared and the defendants did not appear; that the case was then adjourned from time to time until the 3d of April, 1899, at which time the plaintiffs failed to appear, and the case was dismissed; that the case was subsequently, and

without notice to the defendants, restored to the calendar, and set down for trial for April 10, 1899, at which time the plaintiffs took an inquest, and judgment by default was rendered against the defendant Fine, the defendant Price not having been served with the summons. At none of the above-mentioned times did the defendants appear. The judgment directed the arrest and imprisonment of the defendant Fine upon execution. Subsequently a motion was made by Fine to open his default, based upon an affidavit of merits and a statement of the reasons for his failure to appear, which motion was denied, and thereupon this appeal was taken.

Municipal courts are creatures of the statute, and possess no jurisdiction except that which is expressly conferred, and in all matters relating to the acquirement of jurisdiction any authority conferred must be strictly pursued, and nothing, as to jurisdictional matters, can be taken by implication. These rules are too well known to need any citation of authority in their support. The court below acquired jurisdiction of the person of the defendant by the service of the summons, but lost jurisdiction at the time the plaintiff failed to appear upon the day to which the case had been adjourned, and at which time the record shows the case was dismissed. There is no express authority conferred upon municipal courts to restore a case to the calendar, and proceed to the trial thereof, after it has once been dismissed for the failure of the plaintiff to appear. Such authority could only be conferred in a proper case by the express consent of the defendant, or by his voluntary appearance without objection, after service of notice of motion upon him, which fact should appear in the record. "If a justice assumes jurisdiction when he has it not, his judgment will be vacated." Benjamin v. Benjamin, 5 N. Y. 383; Beach v. Nixon, 9 N. Y. 35. In the case at bar the defendant did not appear in court until judgment was rendered against him, and then only for the purpose of moving to set aside the judgment and excuse the default. It follows, therefore, that the judgment herein was taken at a time when the court below had no jurisdiction over the person of the defendant, and that for that reason it is erroneous, and must be reversed. Weeks v. Lyon, 18 Barb. 530; Wilcox v. Clement, 4 Denio, 160; Douglass v. Blackman, 14 Barb. 381.

Judgment reversed, with costs to appellant. All concur.