## KOERKLE v. PANGBORN.

(Supreme Court, Appellate Term.  December 26, 1900.)

1. MUNICIPAL COURTS OF NEW YORK CITY—OPENING DEFAULT.
 Under Consol. Act, § 1367, as amended by Laws 1896, c. 748, providing
 that the court, or any justice on motion, may open any default, and set
 the cause down for hearing, and directing that Code Civ. Proc. §§ 723,
 728, inclusive, authorizing relief from judgments for mistakes, etc., shall
 govern the district courts, a municipal court of New York City, being a
 continuation of the district court, may open a default unintentionally suf-
 fered in an action before it on motion.

2. SAME—ISSUES OF FACT—TRIAL BY JURY—ORDERS.
 Under Consol. Act, § 1372, providing that if a justice, within eight days
 after the submission of a cause, shall certify that the evidence is con-
 flicting, he may set the cause for trial by jury not more than eight days
 from the time of the order, a record showing that a cause was tried on
 May 21st, and two days later submitted to the justice, who, on May 31st,
 indorsed on the papers that he was unable to determine the issues of fact,
 which should be submitted to a jury, and set the cause for June 5th, suffi-
 ciently shows that the order was made in the time prescribed.

3. SAME—TRANSFER OF CAUSE—WAIVER OF OBJECTION.
 Where a defendant voluntarily appears in another district to which the
 suit has been transferred, and, without objecting that the action was in
 the wrong district, takes a default against plaintiff, he waives any objec-
 tion to the transfer.

Appeal from municipal court, borough of Manhattan.

Action by Frank D. Koerkle against James T. Pangborn.  From a
judgment of dismissal on plaintiff's nonappearance, and from an
order denying his motion to open such default, plaintiff appeals.
Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

Wasserman & Jacobus, for appellant.
James Cochran (G. A. C. Barnett, of counsel), for respondent.

GIEGERICH, J.  This appeal brings up for review the judgment
of dismissal as well as the order denying the motion to open the
plaintiff's default.  In passing upon the application the learned jus-
tice in part said:

"There is no question but what the default was suffered unintentionally,
and that plaintiff makes a case entitling him to relief, if the court has power
to grant it.  In fact, unless relief can be given, plaintiff may, by mere ex-
cusable inadvertence, be deprived of a meritorious suit, as the statute of lim-
itations will be a bar to a new action.  But, in this court's opinion, the deci-
sion of the appellate term in the case of Abrams v. Fine, 28 Misc. Rep. 533,
59 N. Y. Supp. 550, is controlling on it, and denies power to a justice of the
municipal court to set aside a dismissal entered on the default of the plaintiff;
the reason being that by a dismissal the court loses jurisdiction of the person
of the defendant, and cannot again confer upon itself jurisdiction against the
consent of the defendant.  Prior to this decision it was the court's opinion that
it had the power to open such a default under section 1367 of the consolidation
act, as amended by chapter 748 of the Laws of 1896."

It is manifest from a reading of the opinion of the court in the
case last cited that their attention was not directed to the statutory
provisions above referred to, which are as follows:

"The court, or any justice holding the same, may at any time, upon motion made upon such notice as the justice may direct, open any default, and set aside, vacate or modify any judgment entered thereon, and set the cause down for pleading, hearing or trial as the case may require, upon such terms and conditions as the court of justice may deem proper. * * * Sections seven hundred and twenty three to seven hundred and twenty eight, inclusive, of the Code of Civil Procedure shall apply and relate to and govern the said district courts. Said justice may award such costs, not exceeding ten dollars, as a condition for opening any such default, or vacating, modifying or setting aside any such judgment against any party to the action, as in his discretion shall be just and proper."

Section 724 of the Code of Civil Procedure, which, as noted, applies to these courts, in part provides:

"The court may likewise, in its discretion, and upon such terms as justice requires at any time within one year after notice thereof, relieve a party from a judgment, order or other proceedings taken against him through his mistake, inadvertence, surprise or excusable neglect."

The municipal court of the city of New York is a continuation of the district court (Worthington v. Accident Co., 164 N. Y. 81, 58 N. E. 102 [Comb. Official Series No. 389]), and the foregoing provisions confer upon such court, or the justices thereof, ample power to relieve a party litigant, plaintiff or defendant, from a judgment taken against him by default. That the power so conferred could be exercised favorably to the application of a plaintiff was distinctly recognized by the appellate term in Popkin v. Friedlander, 23 Misc. Rep. 475, 51 N. Y. Supp. 398; Weinstein v. Flaxman, 23 Misc. Rep. 702, 52 N. Y. Supp. 92; and Berg v. Pohl, 24 Misc. Rep. 740, 53 N. Y. Supp. 799. Neither of these cases are mentioned by the court in Abrams v. Fine, supra; and it is evident that their attention was not called thereto. The respondent urges, however, that, even if such power does exist, it should not be exercised in the case at bar, because, as claimed, the justice lost jurisdiction in consequence of his failure to order a trial by a jury within the time limited by section 1372 of the consolidation act after the final submission of the case, which, so far as applicable, prescribes that:

"If after a trial shall have been had before the justice without a jury, the justice shall within eight days after the submission of the case or proceeding, certify that the evidence is of such a conflicting nature that he has been unable to determine the issue of fact, and that he deems it proper that the same should be tried by jury, he may, by an order, set the same down for trial by a jury for a day not more than eight days from the time of the making of the order, and thereupon the action or proceeding shall be continued in court, and tried by jury as hereinbefore provided in the case where a trial by jury is ordered by the justice before the trial."

The return shows that the cause was tried in the municipal court of the city of New York, borough of Manhattan, Sixth district, on the 23d day of May, 1900; that it was finally submitted to the trial justice two days later; and that on the 31st day of the same month the justice made an indorsement upon the papers to the effect that he was unable to determine the issues of fact in the case, and that he deemed it proper that the same should be tried by a jury, and he accordingly set the case down for June 5, 1900, in the Seventh district court. It thus appears that the order was made within the time limited by law, and that the case was set down for trial by a

jury within the prescribed period. Although the record discloses no reason for the transfer of the case to another district, the respondent is in no position to take advantage thereof, in view of his voluntary appearance in the district court to which the action was transferred, and there, without objecting to the jurisdiction of the court on the ground that the action was in the wrong district, taking the plaintiff's default, and entering a judgment of dismissal thereon. Under these circumstances the objection must be deemed to have been waived by the respondent. Dammann v. Peterson, 17 Misc. Rep. 369, 40 N. Y. Supp. 70; Langbein, Munic. C. Prac. (4th Ed.) 408.

It results from these views that the judgment should be reversed, with costs to the appellant to abide the event, and a new trial ordered, and the proceedings remitted to the municipal court of the city of New York, borough of Manhattan, Sixth district, for further hearing, to be brought on upon at least five days' notice. All concur.

