LYONS v. GAVIN.

(Supreme Court, Appellate Term. May 5, 1904.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—JURISDICTION.

Code Civ. Proc. § 2231, expressly provides that a tenant may be removed by summary proceedings therein prescribed, where he holds over without permission after a default in the payment of the rent, pursuant to the agreement under which the demised premises are held.

2. JUDGMENT—ENTRY—DELAY.

Though Municipal Court Act, § 239 (Laws 1902, p. 1560, c. 580), declares that judgment must be entered immediately after verdict, the omission to enter the judgment until about 25 days after verdict was an irregularity merely, and did not deprive the party of the benefits of his verdict.

3. LANDLORD AND TENANT—REPAIRS—MAINTENANCE OF PREMISES—COVENANT.

A covenant on the part of a tenant that he would not use the premises except for a lyceum or dancing hall cannot be extended into an implied covenant on the part of the landlord that the premises were or should continue to be fit for such a purpose.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Summary proceedings by Amos F. Lyons against Thomas F. Gavin to recover possession of leased premises. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Thomas F. Wentworth, for appellant.

Richard L. Sweezy, for respondent.

LEVENTRITT, J. This was a summary proceeding to recover possession of premises let under a sealed written lease, default having been suffered for 13 months' rent. None of the appellant's points have merit.

1. He attempts to raise a jurisdiction question, resting it on an obvious misconstruction of the case of Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425. That case did not hold that summary proceedings would not lie to recover possession of the demised premises, but simply held that the term "re-enter" in the independent covenant, whereby the lessee could recover for a deficiency, was such re-entry as contemplated by the common-law ejectment action, and did not include the recovery of possession by the statutory proceedings. In the case at bar there was jurisdiction in the court, under section 2231 of the Code, and all the formalities were complied with. There was default in the payment of the rent, and dispossession was thus available to the landlord. He does not seek to recover any deficiency arising on the reletting of the prem-

ises, in which event a consideration of the Michaels Case would be pertinent.

2. The omission to enter the judgment more promptly was an irregularity merely. A verdict was directed in favor of the landlord on January 21, 1904. Judgment was not entered until February 15, 1904. Although section 239 of the municipal court act (Laws 1902, p. 1560, c. 580), provides that "judgment must be entered * * * immediately after rendering the verdict," it has been held, under section 1380 of the consolidation act (Laws 1882, p. 353, c. 410), containing substantially identical language, that the provision is directory only, that it was a wholly ministerial act, enforceable by mandamus, and that a party could not be deprived of the consequences and benefits of his verdict by the justice's delay or refusal to enter the judgment. Hecht v. Mothner, 4 Misc. Rep. 538, 24 N. Y. Supp. 826; Balton v. Loughlin, 4 Abb. N. C. 187.

3. The tenant's claim for damages by way of offset was properly withdrawn from the jury's consideration. There is neither express nor implied covenant in the lease to support any counterclaim for damages. The tenant claims damages because the premises became unfit for a dancing hall. But there is no covenant that the premises were, or would continue to be, fit for such a purpose. Obligation to repair was exclusively on the tenant, and he was also required to comply with all the regulations of the various city departments. The covenant on the part of the tenant that he would not use the premises except for a lyceum or dancing hall cannot be extended into an implied covenant on the part of the landlord that the premises were or should continue to be fit for such a purpose. Johnson v. Oppenheim, 34 N. Y. Super. Ct. 416; Howard v. Doolittle, 3 Duer, 464.

No error was made below, and the final order should be affirmed, with costs. All concur.