(46 Misc. Rep. 126)

### EICHNER v. COHEN et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. MUNICIPAL COURTS—DEFAULT—DISMISSAL—RESTORATION TO CALENDAR—JURISDICTION.

Where certain cases in the Municipal Court were dismissed for nonappearance of either party within the time required, the justice had no authority to restore the causes to the calendar and proceed to the trial thereof, except by defendant's express consent, or by his voluntary appearance without objection after service of a notice of motion on him for reinstatement.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Daniel Eichner against Joseph Cohen and Philip Hoch. From a Municipal Court judgment in favor of plaintiff, and from an order denying a motion to vacate the judgment and to strike the cause from the calendar, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Israel J. P. Alderman, for appellants.
John F. Cowan, for respondent.

MacLEAN, J. The summons in each case, dated June 1, 1904, was returnable June 9, 1904, at 9 o'clock in the forenoon. At that hour on the return day, allowing for differences of statement by counsel for the parties and the trial justice, the plaintiff did not appear, nor at 10 o'clock either party, and the cases were dismissed. Shortly after 10 o'clock the plaintiff inquired their disposition of the court, and was informed that they had been dismissed for nonappearance. The plaintiff replied that he had been in court and answered to the call. The justice then said he would restore

the cases to the calendar, provided the plaintiff notified the defendants that the same were set down for June 20, 1904. The plaintiff did so, and the defendants appeared and moved to strike them from the calender, on the ground that the court had lost jurisdiction. The court refused, and adjourned the causes to the 27th of June for trial, when the defendants again appeared and objected, and, refusing to plead, inquests were taken and judgments entered in favor of the plaintiff. Motions in each case to vacate and set aside, to strike the causes from the calendar, and for dismissal, were subsequently made and denied, and from the orders entered, as also from the judgments, the defendants appealed, and are entitled to relief, for "there is no express authority conferred upon Municipal Courts to restore a cause to the calendar and proceed to trial thereof after it has once been dismissed for the failure of the plaintiff to appear. Such authority could only be conferred in a proper case by the express consent of the defendant, or by his voluntary appearance without objection, after service of notice of motion upon him, which fact should appear in the record." Abrams v. Fine, 28 Misc. Rep. 533, 534, 59 N. Y. Supp. 550. While this case appears not to have been followed in Koerkle v. Pangborn, 33 Misc. Rep. 476, 67 N. Y. Supp. 898, that case was decided prior to the passage of the present Municipal Court act and does not control, nor is the respondent's position aided by section 253 of said act (Laws 1902, p. 1562, c. 580). The court below being without jurisdiction, the orders and judgments herein must be reversed and vacated.

Judgments and orders reversed, with costs. All concur.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.