ELFENBEIN v. ROSENTHAL et al. (two cases).

(Supreme Court, Appellate Term.  May 23, 1905.)

1. TRIAL—CONCLUSION OF PROCEEDINGS—ANNOUNCEMENT OF INTENDED DISPOSITION.

The mere announcement by the court of the disposition it proposes to make of any matter is not its formal action, and does not conclude the proceedings.

2. SAME—JUDGMENT OF DISMISSAL—INDORSEMENT—NECESSITY.

Rule 4 of the rules of practice adopted by the board of justices of the Municipal Court provides that plaintiff must file the summons, with proof of service, the day before the return day, or the case will not appear on the calendar. Rule 8 provides that if the original summons, etc., is not returned to the court, defendant may file his copy and proof of service and notice of appearance, and the court may indorse a dismissal of the action thereon and award costs in a proper case. Municipal Court Act (Laws 1902, p. 1561, c. 580) § 248, provides that, if plaintiff fails to appear at the time specified in the summons or on adjournment, judgment must be rendered that the action be dismissed, with costs. Section 332, subd. 6 (page 1586), provides that, when defendant "recovers judgment on the nonappearance of the plaintiff, costs shall be awarded" defendant, etc.

*Held,* that where the court announced that it would dismiss the proceeding, but had not actually indorsed the dismissal on the summons, the cause still remained undisposed of, and might be heard on plaintiff's appearing before the indorsement was made.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Actions by Abraham Elfenbein against Elias Rosenthal and Max Brown, and by said Elfenbein against said Rosenthal and Herman Knepper. Judgment for plaintiff in both cases, and the respective defendants therein appeal. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Max Brown, for appellants.

Benjamin F. Spellman, for respondent.

TRUAX, J. The facts in these cases are similar, and they are to be considered together. The return in the Knepper action contains the following recital:

"The above case was called at 9:20 a. m., and, 'no one appearing for the plaintiff, the defendants' attorney moved that the case be dismissed. That the court thereupon announced a dismissal and handed the papers to the clerk for such indorsement. That while the clerk was making such indorsement, and before the court had signed the said judgment of dismissal, and while the defendant was still in the courtroom the plaintiff's attorney appeared, and stated that the heavy snowstorm had delayed travel on all surface and elevated roads, and that he was compelled to use various means of conveyance to reach the courthouse. That the court knew that was the case, as many of the surface roads were unable to operate their lines, and the elevated lines did so with great difficulty. That the plaintiff's attorney inquired of the attorney for the defendants whether he was prejudiced in any manner since he made his motion to dismiss—whether any of his witnesses had left—and he stated he was not, whereupon the court announced that, inasmuch as the judgment had not been signed, the court still had jurisdiction, and marked the case for a second call. The plaintiff's attorney stated that he was willing to try the case, or adjourn the case to suit the convenience of defendant, who admitted that he was not ready, and then took the position that the court had no jurisdiction, and refused to take any part in the proceedings, whereupon the court directed an adjournment of the action to the 11th of January, 1905."

It further appears by the return that the pleadings were verified and issue had been joined on June 10, 1904, and the case had been adjourned from time to time until January 4, 1905.

The appellant bases his ground for appeal upon the decision in the case of Eichner v. Cohen (Sup.) 91 N. Y. Supp. 357. The facts in the case at bar, however, are not similar to those in Eichner v. Cohen, supra. In the latter case, which followed the case of Abrams v. Fine, 28 Misc. Rep. 533, 59 N. Y. Supp. 550, neither party appeared upon the return day of the summons. Consequently there was nothing before the court, and the case fell. It is claimed that there is a conflict between the cases of Abrams v Fine, supra, and Eichner v. Cohen, supra, and the case of Keorkle v. Pangborn, 33 Misc. Rep. 476, 67 N. Y. Supp. 898. An examination of the facts in these cases does not disclose any conflict. In Koerkle v. Pangborn the defendant had appeared and entered a judgment of dismissal against plaintiff, and the plaintiff's default

was opened.   In deciding that case the court cited Popkin v. Friedlander, 23 Misc. Rep. 475, 51 N. Y. Supp. 398; Weinstein v. Flaxman, 23 Misc. Rep. 702, 52 N. Y. Supp. 92; and Berg v. Pohl, 24 Misc. Rep. 741, 53 N. Y. Supp. 799.   In Popkin v. Friedlander this court refused to affirm an order opening a default, as such order failed to state the grounds upon which the same was granted, which was an essential requisite of those orders at that time; and it does not appear which party made the application, nor at what stage of the action.   In Weinstein v. Flaxman, plaintiff's default was excused, but it is not clear when such default was taken.   In Berg v. Pohl plaintiff defaulted upon the return day of the summons, and it is evident that the defendant had taken a judgment of dismissal against him, and the question as to the plaintiff's right to open such default was not raised.   Rule 4 of the rules of practice adopted by the board of justices of the Municipal Court provides that the plaintiff must file the summons, with proof of service, the day before the return day, or the case will not appear upon the calendar. Rule 8 provides that if the original summons, etc., is not returned to the court, the defendant may file his copy and proof of service and notice of appearance, and the court may indorse a dismissal of the action thereon and award costs in a proper case.   Section 248 of the Municipal Court act (Laws 1902, p. 1561, c. 580) provides that, if plaintiff fails to appear at the time specified in the summons or upon adjournment, judgment must be rendered that the action be dismissed, with costs, etc.   Section 332, subd. 6, provides how costs shall be awarded when the defendant recovers judgment on the nonappearance of the plaintiff.   Under these provisions, it would seem that when the plaintiff fails to file the summons, etc., as provided by rule 4, supra, and fails to appear upon the return day, the defendant has two methods of procedure, either of which he may pursue.   He may rest upon the failure of the plaintiff, and refrain from filing his copy of the summons, etc., and in that case the action abates.   There then being no record before the court, there is nothing upon which either party can base a motion to open a so-called default.   See Goldstein v. Loeb, 21 Misc. Rep. 72, 46 N. Y. Supp. 838.   That was the case in Abrams v. Fine and Eichner v. Cohen.   On the other hand, the defendant may file the copy summons, etc., and have a judgment of dismissal entered against the plaintiff, with costs, in which event he cannot be heard to complain if the default of the plaintiff be opened upon showing grounds therefor.   Section 253.   So, also, after both parties have appeared and submitted themselves to the jurisdiction of the court, either party's excusable default may be opened.   The controlling feature in the present case, which distinguishes it from Consumers' Park Brewing Company v. Greenberger (decided at the present term of this court) 94 N. Y. Supp. 38, is that in the latter case the justice had actually indorsed upon the summons a dismissal, as provided for in rule 8, above cited.   That was his final judicial act, which disposed of the case.   It is well settled, however, that the mere announcement by the court of the disposition it proposes to make of any matter is not its formal action, and does not con-

clude the proceeding. In the present case the justice had gone no further than to announce that he would dismiss the proceeding, but had not yet actually done so, by making the indorsement contemplated by the rule. In our opinion, the action still remained sub judice, and had not been terminated either by the failure of both parties to appear, or by an effective dismissal on the appearance of defendant and nonappearance by the plaintiff. The record shows that no advantage was taken of defendant, and that every opportunity was given him to have the cause adjourned until he could be prepared for trial. Of this he refused to avail himself, preferring to stand on what he deemed to be his strict legal right to a dismissal. The true rule, as we consider, is as follows: If neither party appears on the return of the summons or on an adjourned day, the cause falls by its own weight, and no judgment can be entered by either party, and no motion to open the default entertained. If both parties have once appeared, so that the court has acquired full jurisdiction, or if the summons, with proof of service has been filed either by the plaintiff, under rule 4, supra, or by defendant, under rule 8, supra, and the defendant appears, and the plaintiff fails to do so, the defendant may take a dismissal, which takes effect when the justice has indorsed it upon the summons as provided by rule 8. In that case the defendant is entitled in a proper case to a judgment for costs, and the court may entertain a motion to open plaintiff's default. But until the justice has actually indorsed the dismissal upon the summons the cause still remains sub judice, and has not been disposed of, and, until such indorsement, if the plaintiff appears, the court may still proceed to hear the cause.

Judgment affirmed, with costs. All concur.