## CONSUMERS' PARK BREWING CO. v. GREENBERGER.

(Supreme Court, Appellate Term. May 23, 1905.)

1. DEFAULT JUDGMENT—RETURN DAY—FAILURE TO FILE SUMMONS—DISMISSAL —COSTS—ENTRY OF JUDGMENT.

Laws 1902, p. 1561, c. 580 (Municipal Court Act, § 248), provides: "Judgment that the action be dismissed with costs * * * shall be rendered * * * when he [plaintiff] fails to appear at the time specified in the summons or upon adjournment." Section 332, subd. 6, p. 1586, provides that, when defendant "recovers judgment on the nonappearance of the plaintiff, costs shall be awarded" defendant, etc. Rule 8 of the rules of practice adopted by the board of justices of the Municipal Court pro-

vides that if the original summons, etc., is not returned to the clerk's office, the court may indorse a dismissal of the action or proceeding on the copy of the summons, etc., "and award costs in proper cases." *Held*, that where the summons and proof of service thereof were not filed the day preceding the return day, as required by rule 4 of said rules, and the court (plaintiff not appearing) indorsed on the copy of the summons, etc., filed by defendant, the word "Dismissed," and signed the same, and subsequently made an order reciting that "said action is hereby dismissed, with costs, to be taxed by the clerk," etc., a judgment was thereupon properly entered in defendant's favor, with stated costs; such order and entry of the amount of costs merely carrying into effect the judgment previously rendered on the return day.

2. SAME—APPEALABLE JUDGMENT.

    The judgment, being entered on default, was not appealable.

3. SAME—APPEALABLE ORDERS.

    Nor was the order appealable.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Consumers' Park Brewing Company against Ignatz Greenberger, sued as Ignatz Greenbaum. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Arthur J. Westermayr, for appellant.

Jacob Silverstein, for respondent.

PER CURIAM. This action was in replevin. The summons was issued January 31, 1905, returnable February 9, 1905. Upon the affidavit and undertaking required by statute the plaintiff obtained a writ of replevin, and the marshal took possession of a certain liquor tax certificate thereunder. Upon the return day of the summons there was no appearance on the part of the plaintiff. The summons and proof of service thereof not having been filed the day before the return day, as provided by rule 4 of the rules of practice adopted by the board of justices of the Municipal Court, the defendant caused a copy of the summons, affidavit, and undertaking, with proof of service thereof, and a written notice of appearance, to be filed in accordance with the provisions of rule 8 of said rules, and the court below indorsed the papers with the word "Dismissed," and signed the same. No further steps appear to have been taken in the action until February 15, 1905, when the defendants obtained an order from the trial judge which recited that "said action is hereby dismissed, with costs, to be taxed by the clerk of this court; and it is further ordered that the plaintiff and the marshal who levied upon said certificate * * * be, and they are hereby, directed to forthwith return said property to the defendant." Thereupon a judgment was entered on said 15th day of February, 1905, in favor of the defendant and against the plaintiff for $12.50 costs. Attached to the return herein is a notice of appeal dated March 2, 1905, appealing from the judgment and order of February 15th aforesaid, and also purporting to appeal from "an order" denying a motion to open plaintiff's default and set aside the judgment, "made February 28, 1905." The return

shows, however, that a motion to open plaintiff's default and to vacate and set aside the judgment aforesaid was heard February 27th, and an order was entered denying such motion on March 15, 1905, which order, eliminating costs therefrom, was again entered March 30, 1905; but no order of February 28, 1905, appears in the record, and the notice of appeal therefore brings up for review only the judgment and order of February 15, 1905.

We think this judgment was properly entered. Section 248 of the Municipal Court act (Laws 1902, p. 1561, c. 580), provides that "judgment that the action be dismissed with costs * * * shall be rendered * * * when he [plaintiff] fails to appear at the time specified in the summons or upon adjournment." Subdivision 6, § 332, p. 1586, provides that, when the defendant "recovers judgment on the nonappearance of the plaintiff, costs shall be awarded to the defendant," &c. Rule 8, supra, also provides that if the original summons, etc., is not returned to the office of the clerk, the court may indorse a dismissal of the action or proceeding upon the copy of such summons, etc., "and award costs in proper cases." The indorsement of dismissal was made, and, although such indorsement did not state "with costs," the imposition of costs followed as a matter of statutory right, and the subsequent order and entry of the amount of costs was merely carrying into effect the judgment previously rendered upon the return day. Lyons v. Gavin (Sup.) 88 N. Y. Supp. 252.

The judgment appealed from, being one entered upon default, is not appealable. Brown v. Bouse (Sup.) 86 N. Y. Supp. 240. Nor is the order of February 15, 1905, one of those orders from which an appeal will lie. Leavitt v. Katzoff, 43 Misc. Rep. 26, 86 N. Y. Supp. 495.

Appeal dismissed, with costs. All concur.