was ever made, the evidence presented is in very serious conflict, and, in view of the inconsistent character of the defendant's testimony upon the crucial point which lay at the foundation of her right to establish an agreement of this character by parol, there appears to have been no improper exercise of discretion in the granting of an order for a new trial.

The order is therefore affirmed, with costs. All concur.

---

(48 Misc. Rep. 346.)

### DROEGE v. HERTZ et al.

(Supreme Court, Appellate Term. November 3, 1905.)

COURTS—JURISDICTION—JUDGMENTS—DEFAULT—VACATION.

Where plaintiff in an action in the Municipal Court appeared on the return day, but failed to appear on a day to which the action was adjourned for trial by consent, whereupon judgment was rendered dismissing the action, the justice did not thereby lose jurisdiction, but was thereafter entitled to open plaintiff's default and set the case for trial, under Municipal Court Act, Laws 1902, pp. 1489, 1562, c. 580, § 1, subd. 19, and section 253, authorizing the justice generally to relieve any party from any default, etc.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Otto H. Droege against Jacob Hertz and others. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Harry Levor, for appellants.
Otto H. Droege, for respondent.

BISCHOFF, J. Upon the return day of the summons both parties appeared, and the cause was adjourned for trial. Upon the day fixed by the last of successive agreed adjournments the plaintiff failed to appear, and the defendants took judgment of dismissal. Thereafter the justice, on notice, opened the plaintiff's default and set the cause down for trial. Upon this appeal no question as to the merits is raised, and the contention of the appellants is that upon their objection to the jurisdiction of the court, they having appeared specially for this purpose, the justice was bound to dismiss the action.

The question involved is whether a justice of the Municipal Court has authority to open the default of a plaintiff who has failed to appear under such circumstances, and the case of Eichner v. Cohen (Sup.) 91 N. Y. Supp. 357, is cited as a conclusive authority in favor of the appellants. In that case it was held, following Abrams v. Fine, 28 Misc. Rep. 533, 59 N. Y. Supp. 550, that where neither party appears upon the return day of the summons the justice loses jurisdiction of the cause, and that a subsequent order opening plaintiff's default is not within the powers conferred by section 253 of the municipal court act (Laws 1902, p. 1562, c. 580), which in general terms authorizes the justice to relieve any party from any default. The same power, it may be noted,

is conferred by subdivision 19 of section 1 of the municipal court act. The case cited is not an authority for the proposition contended for in the present case, viz., that jurisdiction is lost through the nonappearance of the plaintiff upon an adjourned day after an appearance for both sides on the return day of the summons.   Where both parties default upon the return day, there is, necessarily, an abandonment of the liti-gation, and the justice has no further jurisdiction to proceed, since such jurisdiction as has been acquired over the person of the defendant by the service of the summons would thus be lost through the plaintiff's failure to appear and avail himself of the court's jurisdiction.   Where, however, both parties appear, or, in our view, where the plaintiff appears upon the return day and there is a subsequent failure of appearance for the plaintiff, the court still retains jurisdiction of the cause, and the power to open the default, given generally by the sections of the municipal court act above referred to, necessarily applies as a matter of ordinary and reasonable interpretation.   We are thus in accord with the conclusion expressed by the court in Eichner v. Cohen, supra; but, to the extent to which our expression of views will indicate, we are not in full accord with the result reached in the cases of Koerkle v. Panghorn, 33 Misc. Rep. 476, 67 N. Y. Supp. 898, and Abrams v. Fine, 28 Misc. Rep. 533, 59 N. Y. Supp. 550, and, for the reasons stated, the justice below had power to proceed with the cause.

We may note that the record does not clearly disclose the fact that both parties in this case did appear upon the return day of the summons; but to affirm the judgment we could, upon familiar principles, receive record evidence of the fact, were it not that the necessity for proof upon the subject is rendered unnecessary by the appellants' direct concession that such is the state of the record.

No question is raised as to the accuracy of the court's determination of the merits of the action, and the judgment is therefore affirmed, with costs.   All concur.