## LAX v. FOURTEENTH STREET STORE.

(Supreme Court, Appellate Term.  January 17, 1906.)

SUBMISSION OF CONTROVERSY—REQUISITES OF STATEMENT.

Under Municipal Court Act, Laws 1902, p. 1560, c. 580, § 241, providing for submission of a controversy on an agreed statement of facts, but providing that such statement "must" be accompanied with the affidavit of a party that the controversy is real, and that the submission is made in good faith for the purpose of determining the rights of the parties, the court does not acquire jurisdiction in the absence of such affidavit.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Submission of Controversy, § 10.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Submission of controversy on agreed facts between Bertha Lax, as plaintiff, and the Fourteenth Street Store.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Rose & Putzel (Benjamin C. Paskus and Arthur O. Ernst, of counsel), for appellant.

Gainsburg & Solomon (I. Gainsburg, of counsel), for respondent.

SCOTT, P. J.  The judgment must be reversed, because the court below was without jurisdiction to render any judgment at all.  The attorneys for the parties agreed to and signed a statement of facts, upon which the case was submitted; there being no written pleadings and no evidence taken.  Section 241 of the municipal court act (Laws 1902, p. 1560, c. 580) provides for the submission of a controversy upon an agreed statement of facts, but also provides that:

"Such statement must be accompanied with the affidavit of one or more of the parties to the effect that the controversy is real and that the submission is made in good faith for the purpose of determining the rights of the parties."

No such affidavit appears in the return.  In its absence the justice should not have rendered any judgment, for there was nothing before him to show that he was dealing with a real controversy.

The judgment will therefore be reversed, but without costs to either party, and without direction for a new trial.  All concur.