(51 Misc. Rep. 559.)

## WEINSTEIN v. DOUGLAS.

(Supreme Court, Appellate Term. November 14, 1906.)

1. COURTS—JURISDICTION BY CONSENT—SUBJECT-MATTER.

Parties cannot confer jurisdiction over the subject-matter, even by consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 76–78.]

2. SAME—MUNICIPAL COURTS.

Municipal courts are creatures of the statute, and have no jurisdiction except such as is specially conferred thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 404.]

3. SAME—SUBMISSION OF CONTROVERSY—AFFIDAVIT—NECESSITY—WAIVER.

Under Municipal Court Act, Laws 1902, p. 1560, c. 580, § 241, relating to submission of controversies, and providing that the statement "must be accompanied with the affidavit of one or more of the parties to the effect that the controversy is real and that the submission is made in good faith for the purpose of determining the rights of the parties," the affidavit is essential to confer jurisdiction upon the Municipal Court over the subject-matter, and it cannot be waived by the parties.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Benjamin Weinstein against Archibald Douglas. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Max Schleimer, for appellant.

Feltenstein & Rosenstein, for respondent.

DOWLING, J. This case came before the lower court upon an agreed statement of facts, signed by the attorneys for the respective parties. No affidavit, as provided for by section 241 of the Municipal Court act (Laws 1902, p. 1560, c. 580), was submitted, and the making of such affidavit was expressly waived by the stipulation. This court

has held that such an affidavit was necessary to confer jurisdiction upon the court to render a judgment. Lax v. Fourteenth Street Store, 49 Misc. Rep. 627, 97 N. Y. Supp. 396.

It is urged by the respondent that, the parties having expressly waived the making of such affidavit, they thereby conferred jurisdiction upon the Municipal Court to determine the questions submitted to it. Parties can only waive jurisdiction over the person, and cannot confer jurisdiction over the subject-matter, even by consent. Dudley v. Mayhew, 3 N. Y. 9. Jurisdiction of the subject-matter is the power to act, and to determine whether the particular facts presented call for the exercise of abstract power. Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. Municipal Courts are creatures of the statute, and have no jurisdiction except such as is specially conferred thereby. Tannenbaum v. Natchtigall, 29 Misc. Rep. 759, 60 N. Y. Supp. 474. It follows that the affidavit required by section 241 is essential to confer jurisdiction upon the Municipal Court over the subject-matter involved in the facts presented, and the absence of such an affidavit precludes the court from entertaining the case.

Judgment reversed, but without costs. All concur.