### NEUSTAEDTER et al. v. WIENER.

(Supreme Court, Appellate Term. February 7, 1908.)

COURTS—MUNICIPAL COURT OF NEW YORK—SUBMISSION OF CONTROVERSY—AGREED STATEMENT OF FACTS—PRACTICE.

Under section 241 of the Municipal Court act (Laws 1902, p. 1560, c. 580), providing that "when an action * * * has been commenced * * * the parties may agree upon a statement of the facts," which may be submitted to the court in writing, accompanied "with the affidavit of one or more of the parties," etc., where the affidavit is made by plaintiffs' attorney, the statement of facts is insufficient, and the court has no jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Isidore Neustaedter and another against Reuben Wiener. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Morris. Cukor, for appellants.
Herman Roth, for respondent.

GILDERSLEEVE, P. J.   The pleadings in this case were verified. Upon the day of trial the case was submitted upon an agreed statement of facts.   The court below found for defendant.   Plaintiffs appeal.

Section 241 of the Municipal Court act (Laws 1902, p. 1560, c. 580) provides as follows:

"When an action or summary proceeding has been commenced, according to the provisions of this act, upon its being reached for trial, the parties, being of full age, may agree upon a statement of the facts upon which the controversy depends, and may present a written submission thereof to the. court. Such statement must be accompanied with the affidavit of one or more of the parties to the effect that the controversy is real and that the submission is made in good faith for the purpose of determining the rights of the parties."

The affidavit in the case at bar is made by the attorney for the plaintiffs.   This renders the statement of facts insufficient (Bloomfield v. Ketcham, 95 N. Y. 657), and deprives the court of jurisdiction (Pollock v. Platt, 49 Misc. Rep. 635, 97 N. Y. Supp. 990; Weinstein v. Douglas, 51 Misc. Rep. 559, 101 N. Y. Supp. 251; Lax v. Fourteenth Street Store, 49 Misc. Rep. 627, 97 N. Y. Supp. 396).

Judgment reversed, without costs, and a new trial ordered.   All concur.