FRIEDMAN v. COLLINS.

(Supreme Court, Appellate Term.   January 5, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—AFFIDAVIT OF REAL CONTROVERSY—STIPULATION.

Where a stipulation of facts was not accompanied by an affidavit that the controversy was real, etc., as required by Municipal Court Act (Laws 1902, c. 580) § 241, a justice had no authority to entertain or act upon it.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—DISMISSAL.

Where the judge of the Municipal Court on the return day had no jurisdiction to render a judgment on the merits by reason of a defective stipulation of facts, a judgment rendered against plaintiff by default would be deemed a judgment of dismissal, which plaintiff was entitled to have set aside for cause.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL FROM ORDER OPENING DEFAULT.

Under Municipal Court Act (Laws 1902, c. 580) § 257, relating to appeals from that court, an order opening a default is not appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Action by Sarah Friedman against Sadie E. Collins. From an order opening plaintiff's default, defendant appeals. Dismissed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Hamilton, Gregory & Freeman (Mahlon A. Freeman, of counsel), for appellant.

Harold J. Friedman, for respondent.

GIEGERICH, J. The attorneys for the respective parties herein signed a stipulation in which they agreed "that the facts in this action are as follows," and thereafter followed a statement of the facts. This stipulation was not accompanied by an affidavit to the effect that the controversy was real, etc., as provided by section 241 of the Municipal Court act (Laws 1902, c. 580), and consequently the justice had no right to entertain or act upon it. Pollock v. Platt, 49 Misc. Rep. 635, 97 N. Y. Supp. 990; Lax v. Fourteenth Street Store, 49 Misc. Rep. 627, 97 N. Y. Supp. 396.

This stipulation was filed, and upon the return day the plaintiff did not appear, and a judgment was entered against him. The judgment itself is not submitted upon this appeal, and it is not entirely clear from the affidavits forming the return, whether or not the defendant appeared upon the return day. It would seem, however, that neither party appeared, but the court rendered judgment in favor of the defendant upon the strength of the stipulation aforesaid. The plaintiff made a motion to open his default in failing to appear, and the motion was granted, and from the order opening such default the defendant appeals.

The court below having no jurisdiction to render a judgment upon the return day upon the merits, by reason of the defective stipulation, the only judgment which could have been rendered was one for a dismissal by reason of the failure of plaintiff to appear. The judgment in this case must therefore be deemed to be such an one, and the plaintiff has a right to have such default opened for proper cause. Droege v. Herz, 48 Misc. Rep. 346, 95 N. Y. Supp. 570. As this is an appeal from an order opening a default, and as such an order is not appealable (section 257, Municipal Court Act), the appeal must be dismissed.

Appeal dismissed, with $10 costs.

BRADY, J., concurs. GAVEGAN, J., concurs in result.